## McGregor v. Gardner.

1. JURISDICTON OF THE SUPREME COURT. By the express provisions of the Constitution, the jurisdiction of the Supreme Court in chancery causes is appellate only; and in reviewing such causes the Supreme Court will consider only the issues and evidence presented to the Court below; and evidence will not be originally received and considered in the trial *de novo* of such causes in said court.

2. DECREE: ENROLLMENT. A decree in chancery is constructively taken to be enrolled when the court by which it is rendered has finally adjourned for the term.

3. BILL OF REVIEW : WHEN FILED. A bill of review can be filed only after the final decree.

4. SAME, *Quere.* Will a bill of review lie in the Supreme Court for errors upon the face of a decree ?

5. SAME: COURT BELOW. The District Court cannot sustain a bill of review for errors apparent upon the face of a decree which has been affirmed or rendered by the Supreme Court.

6. SAME: AN ORIGINAL PROCEEDING. A bill of review based upon new matter requiring additional testimony is so far in the *nature* of an original proceeding that the Supreme Court cannot originally entertain it.

7. SAME, *Quere.* Would a bill of review, based upon *newly discovered* facts, be sustained by the District Court, after an affirmance of the decreee, on appeal, in the Supreme Court ?

McGregor v. Gardner.

*Motion—Bill of Review.*

THURSDAY, JUNE 23.

THE main cause, thus entitled, was decided against the defendants at the December Term of this court, 1862. It will be found reported in 14 Iowa, 326.

On the 15th day of October, 1863, the defendants in that cause, Gardner, *et al.*, filed *in this court* a "petition in the nature of a bill of review and supplemental bill," so styled. This petition sets forth, generally, the nature of the main cause, its decision by the court below, the appeal to this court, its submission in this court on the merits, and the final decree rendered in this court at the December Term, 1862. It is then alleged "that, after this cause was submitted to this Court, your petitioners (Gardner *et al.*) discovered evidence material to the cause, of which they were ignorant at the time the cause was submitted." Between the 26th day of September and the 29th day of December, 1862, the said James McGregor, being sworn as a witness by one J. W. Crane, County Judge of S. county, N. Y., in a cause then pending in New York, admitted and testified as follows: [The matters, so admitted and sworn, are then set out at length.]

The petition prays a review and rehearing of the main cause, and that Gardner *et al.* may be permitted to prove the above facts by the said Crane.

The petition also sets out, that the Court, in the opinion, reported in 14 Iowa, 326, erred in its findings of fact and law, specifying wherein; but it alleges no error on the face of the decree or record.

And the final prayer is, that the cause may be heard upon the said supplemental matter at the same time it is reheard upon the original and supplemental information, as to newly discovered evidence, that the decree at the December Term, 1862, be set aside; that petitioners have leave

to produce the newly discovered evidence aforesaid, and that they have such other and further relief as shall seem meet, &c."

Against this petition, the following motion was made, to wit:

1. Now comes James McGregor, Jr., by James M. McKinlay, his attorney, and moves the Court to strike from the files of the court a paper filed by Bissell & Shiras, attorneys, in October last, and entitled as follows:

"JAMES McGREGOR, JR., vs. GEORGE D. GARDINER et al. In the Supreme Court of Iowa. Petition in the nature of a bill of review and supplemental bill."

For the want of jurisdiction in this court to hear or consider the same:

2. And further moves, *de bene esse*, to strike said paper from the files, because no bill, in the nature of a bill of review, nor supplemental petition can be filed after enrollment of the decree, that is to say after decree rendered and adjournment of court to the next term.

3. And further moves, *de bene esse*, to strike out the first part of said paper, because as is apparent from it and the record, the supposed new matter is such, that the party with the use of reasonable diligence could have known it. Nor is it new matter, but only supposed new proof, and the same might have been used when the decree was made.

4. And further moves, *de bene esse*, to strike out the balance of said paper, because after enrollment of the decree (that is to say after decree rendered and adjournment of court to the next term), it is beyond the power of the court to open the same, or reconsider what has been adjudged.          JAMES M. McKINLAY,
                    Attorney for James McGregor, Jr.

Upon this motion, the proceeding is now before us.

*James M. McKinlay* for the motion.

I. The Supreme Court has only appellate jurisdiction in chancery, under such restrictions as the General Assembly may prescribe. Const. art. 5, § 4; Rev. 1860, §§ 3496, 3497, 3543–3545; the only review cases in our reports were commenced in the District Court. *De Louis* v. *Meek*, 2 G. Greene, 55; *Saum* v. *Stingley*, 3 Iowa, 514. The Supreme Court of the United States has appellate jurisdiction only in chancery; and no reported case of a bill of review, or a bill in the nature of a bill of review, has ever occurrred in that court. All of the cases have commenced in the Circuit Court. *Thomas* v. *Harvie's Heirs*, 10 Wheat., 146; *Bank of the United States* v. *Ritchie*, 8 Pet., 128; *Bank of the United States* v. *White*, 8 Id., 262; *Whiting* v. *The Bank of the United States*, 13 Id., 6; *Kennedy* v. *The Bank of the State of Georgia*, 8 How., 586; *Southard* v. *Russell*, 16 Id., 547; *Wickliffe* v. *Eno*, 17 Id., 468.

II. But if this were a court of original jurisdiction, no bill in the nature of a bill of review, or supplemental petition, could be filed after an enrollment of the decree; that is to say, after decree rendered and an adjournment of the term. Story Eq. Pl., §§ 404, 421, 425; *Whiting* v. *The Bank of the United States*, 13 Pet., 6; 3 Danl. Ch. Pr., 1724.

III. The Supreme Court has no power to reconsider or review their decision after the expiration of the term at which the final decree is rendered; no matter how erroneous that decision may have been made. *Emerson & Shields* v. *Tomlinson*, 4 G. Greene, 399; *Zeigler* v. *Vance*, 3 Iowa, 528; *Bleijht* v. *McIlvoy*, 4 Monr. (Ky.), 142; *Cole* v. *Miller*, 32 Miss., 89; *Washington Bridge Company* v. *Stewart*, 3 How., 413.

*Bissell & Shiras,* contra.

I. Although this is an appellate court, and has no original jurisdiction it is a court of complete and final

jurisdiction in chancery causes. Whenever acquired, its jurisdiction is complete and perfect. It may make new parties to the record. *Longworth* v. *Sturges and Anderson*, 4 Ohio S. R., 702; *Grant* v. *Ludlow*, 8 Id., 28; *Dennison* v. *Gooching*, 6 Pa. S. R., 402; *Cox and Catron* v. *Bradlow* (dissenting opinion), 2 Yerg., 511.

II. A bill of review is not an original bill. See the cases in the Ohio State Reports, *supra;* Story Eq. Pl., §§ 16, 20, 21, 326, 338, 403; *Tomlinson* v. *McKoig*, 5 Gill. (Md.), 277; *The United States* v. *Ritchie*, 8 Pet., 128; *Peirson* v. *Nevit*, 32 Miss., 180.

III. Whether this is called a bill of review, or a bill in the nature of a bill of review, is of no consequence. If the original bill has been enrolled, then it is in the nature of a bill of review. *Singleton* v. *Singleton*, 8 B. Monr., 343.

DILLON, J.—The main question raised by this motion, connected with the jurisdiction of this court, is in this State *res integra*. Because it is so, and because of the intrinsic importance of all questions relating to the jurisdiction of the court, we have given to it the most careful and attentive examination. The industry and research of counsel have furnished us with much aid, and with many authorities, and our own inquiries have led us to others. To review the authorities, and discuss critically and fully all the questions presented, would require a great deal of space and time, more than we now have at our command.

The case obviously involves two main inquiries. 1st. What is the nature of the jurisdiction of the Supreme Court? And, 2d. What is the nature of the present proceeding? These inquiries we will dispose of in their order.

The jurisdiction of this court is thus defined by the Constitution: "The Supreme Court shall have appellate jurisdiction only in cases in chancery, and shall constitute a court for the correction of errors at law, under such restric-

tions as the general assembly may, by law, prescribe."
Art. 5, § 4.

The old Constitution (art, 5, § 3) was, in this respect,
literally like the present one, and hence the prior decisions
in this State touching the powers and jurisdiction of this
court are applicable, under the present Constitution. The
court having general original jurisdiction in law, equity
and criminal matters, is the District Court. Const., art. 5,
§ 6. With the exception of the Dubuque City Court, all
appeals to the Supreme Court must go from the District
Court. There is not, perhaps, in any of the States a court
of dernier resort, whose jurisdiction is more completely
and exclusively appellate than the jurisdiction of the Su-
preme Court of this State. The practice has always con-
formed to the idea of a strictly appellate jurisdiction.

The amendment of pleadings, the examination of wit-
nesses, or the reception of testimony, in any manner, origi-
nally in this court, have never been permitted or practiced.

The cause sought to be reviewed by the petition or bill
under consideration, was a chancery cause. By the express
provision of the Constitution, our jurisdiction in chancery
causes is *appellate only*. Under this provision, it has been
repeatedly held, that the only mode by which the Supreme
Court could acquire jurisdiction of a chancery cause was
by appeal, and when appealed, the whole cause, upon its
merits, will be reviewed, and such decree rendered as the
District Court ought to have rendered. *Stockwell* v. *David*,
1 G. Greene, 115; *Pierce* v. *Wilson*, 2 Iowa, 20; *Austin* v.
*Carpenter*, 2 G. Greene, 131, 135; *Blake* v. *Blake*, 13
Iowa, 40.

A leading idea, everywhere manifest in the legislative
provisions, concerning the jurisdiction and proceedings of
the Supreme Court is, that it shall only review and decide
questions which have been made in and decided by the
District Court. Rev., §§ 2631, 3545, *et seq.*, 3496, 3512.

As illustrating both questions now before us, we refer to a case not cited by counsel—*Perkins* v. *Testerment*, 3 G. Greene, 207, in which the present *Chief Justice* of this court was of counsel. It was a chancery cause. *After* the appeal from the District Court, the appellant caused certain depositions to be taken and filed in the cause.

The appellee's motion to suppress these depositions was sustained. GREENE, J., delivering the opinion of the Court, says: "In chancery proceedings this court is authorized to act only in an appellate capacity to review and correct no other questions than those submitted to the decision of the court below. We possess, under the Constitution, no original jurisdiction, and consequently, cannot entertain any plea, issue, *or evidence* which has not been acted upon by the District Court. That court must first decide upon the subject matter, before the authority of this court can be interposed. A cause can be tried upon no other record or document, than such as is certified to this court by virtue of the appeal. Subsequent depositions would present new and original matters for decision, which would be unauthorized and extra judicial."

The doctrine of this case was subsequently applied and acted on, and its authority recognized in *Walker* v. *Ayres*, 1 Iowa, 449, 453, the Court remarking, "We can only act upon the testimony upon which the decree below was rendered."

The present petition, in substance, presents the same question as that decided in the above cases, unless there is something in the nature of a petition or bill of review (about which we will speak presently) which changes its character. We are asked to set aside the former decree rendered in this court; take further testimony and consider the cause *de novo* upon the new testimony, as well as the old.

Upon this new testimony the District Court has never acted. The District Court being the court of exclusive

*original* chancery jurisdiction, both parties have a constitutional right to have the whole cause and *all* of the testimony *first* submitted to that court. If we should receive the proposed additional testimony, and consider it and reverse, as we are asked to do, the decree below, it would be a strange way of exercising a jurisdiction declared to be "appellate *only*." If the proposed testimony is immaterial, or would be unavailing to change the result, it is useless to receive it. If, on the other hand, it is material, and would, if received, result in changing the decree, then it is most manifest that the District Court decided *one case*, and this court (professing all the while to act only as an appellate court) decided another and different case.

The point has not been made; but suppose it should be, that we should receive the proposed testimony and remand the cause to the District Court. To this, then, there would be at least two answers: 1st. The petition does not ask it; and, 2d. The case of *Wickersham* v. *Reeves & Miller*, 1 Iowa, 413, would, to some extent, though not conclusively, be an authority against it.

We conclude then, upon this branch of our inquiries, that the proposed testimony cannot be originally received in or considered by this court, unless there is something in the nature of the present proceeding which warrants it. We now address ourselves to this inquiry. We premise by saying that the statute is silent upon the subject of bills of review.

It is admitted that there is no statutory provision giving this court the right to entertain such a bill. There is a statutory provision on the kindred subject of petitions for rehearing. No bill of review proper, will lie until the final decree has been enrolled, and in this country the decree is constructively taken to be enrolled when the court by which it is rendered has finally adjourned for the term. When thus enrolled the cause is considered at an end, as finally

determined, and a bill of review in the proper court will lie. Story Eq. Pl., § 403, and cases cited; see also, *Burch* v. *Scott*, 1 Gill. & J., 393; 1 Bland, 112; *Cole* v. *Miller*, 32 Miss., 101; *Simms* v. *Thompson*, 1. Dev. Ch., 197; *Bennett* v. *Winter*, 2 Johns. Ch., 205; *Cook* v. *Bay*, 4 How. (Miss.), 483; *Kenon* v. *Williamson*, 1 Hay. (N. C.), 350; *Banks* v. *Anderson*, 2. Hen. & M., 20 Id., 589.

If the decree has not been enrolled, that is, if the term has not adjourned, a bill of review proper, will not lie, and the decree can be corrected on a *rehearing*, duly applied for, or a proceeding in that nature. *Bennett* v. *Winter*, 2 Johns. Ch., 205; Story Eq. Pl., § 421; and see, generally, authorities last above cited.

Such, aside from statutory provisions, are the rules relating to bills of review and petitions for rehearing. Now the statute (Rev., §§ 3543, 3544), has made express provisions for rehearings in the appellate court, and has, perhaps, by implication, extended the right to apply for these, beyond the term at which the decision is made. So far, then, as any argument is to be drawn from the statute, it is against the right to file a bill of this kind. A kindred subject is provided for and the right given; here it is not. Under just such circumstances the Supreme Court of the United States have uniformly and in many cases, held that as the statute has provided no process by which that court can reverse or review its decisions, it is beyond its power to do so. Appellate power, it is in substance remarked in one case, is exercised over the proceedings of inferior courts, not on those of the appellate court. *Washington Bridge Co.* v. *Stewart*, 5 How., 413, and cases cited; see also *Emerson* v. *Tomlinson*, 4 G. Greene, 399.

To sustain the jurisdiction of the court in the case at bar, the counsel against the motion, takes the position that though this court is an appellate court in chancery, yet it has also complete and final jurisdiction to render such

decree as it may deem proper. This position is correct. The further ground is then taken that bills of review are not original bills, but are in the nature of a petition or motion for a new trial; that the jurisdiction to entertain them is incidental to the power of the court to render a decree; that is, wherever a court has power to render a decree, it has, as an incident, the power to hear a bill of review to correct it, whether for error apparent on the face of the record or upon the discovery of new matters. We must confess that we have felt the general truth and force of this argument; and if this court had original jurisdiction the correctness of the argument would be indisputable. In the case at bar, the petition was filed after the decree was enrolled and the cause was at an end. It is, therefore, properly a bill of review and not a bill in the nature of a bill of review.

Bills of review may be brought, so all the authorities agree, in two classes of cases: 1st. For error apparent on the face of the decree (see in this court *Saum* v. *Stingley*, 3 Iowa, 514); and, 2d. For new discovered facts and evidence. The present petition presents no ground for relief as being within the first class above named. While it alleges errors in the findings of the Court, from the evidence, and claims that the law was misapplied to the facts found, yet it sets forth no errors appearing on the face of the record. This Court, in the case last above cited, following the current of authority, has held that on a bill of review for errors apparent, the testimony at large cannot be examined. This part of the case was not alluded to in the argument, and we need not allude to it further, nor determine whether a bill of review would lie in this court for errors appearing upon the face of a final decree rendered therein.

Adams (Eq., 417 marg.) closely following the language of Lord REDESDALE (Mitford Eq. Pl., 88), doubts whether a bill of review can be brought in the Court of Chancery

on *errors apparent* after an affirmance of the decree by parliament, which is the highest court in the realm. In this country the question admits of no doubt. It would invert the regular course, and transpose the authority of the higher and lower tribunals, as well as overturn all ideas of propriety, to allow an inferior court to reverse or set aside a decree which has been affirmed by a superior court, for errors of *law* alleged on the *face of the decree.* That the *District Courts* in this State could not sustain a bill of review for errors apparent on the face of a decree, which has been affirmed or rendered by the Supreme Court, see, among others, the following authorities: *McCall* v. *Graham,* 1 Hen. & Munf., 13; *Campbell* v. *Price,* 2 Munf., 227; *White* v. *Atkinson,* 2 Call., 378; *Pinkney* v. *Day,* 12 Gill. & J., 69; *Haskell* v. *Roane,* 1 McCord Ch., 29; *Brewer* v. *Bowman,* 3 J. J. Marsh, 492; *Dennison* v. *Goehring,* 6 Pa. St. Rep., 402; *Southard* v. *Russell,* 16 How., 570.

Whether the Supreme Court, where it has affirmed a decree, or rendered a final decree, could sustain a bill of review for *errors apparent,* the record does not call upon us to decide. We only remark that we can see much less objection to the exercise of such a power by this Court, than where it is called upon, as in the case at bar, to sustain such a bill, upon newly discovered evidence.

This brings us to the main inquiry, whether this Court can entertain jurisdiction of the present bill, based upon the alleged newly discovered evidence? This bill, it will be remembered, was not filed in the District Court, but originally in this court. This involves to some extent the subordinate inquiry, whether such a bill, that is a bill founded upon evidence discovered after the submission of or final decree in the main cause, is an original bill or not. If it is an original cause or suit, then it is clear that to entertain it would be to exercise original jurisdiction. And if so, it is equally clear, as above shown, that this

Court has not the power, under the Constitution, to exercise such a jurisdiction.

There is not a little contrariety of opinion in the books, as to whether bills of review are original bills or bills not original. Harrison (Prac. in Ch., 166), treats of them under the head of "bills in the *nature* of original bills." Lord REDESDALE (whose work is, perhaps, of as high authority as any ever published) likewise regards them as being in the nature of original bills. He says they "are not considered as a continuance of the former bill, but in the nature of original bills." Mitford Ch. Pl., 33, 35, 83.

On the other hand Cooper considers them as belonging to the class of bills not original. So Story (whose excellent work on Equity Pleadings is based upon and largely borrowed from Lord REDESDALE) treats them "for all the objects' of his work, as included in the class of bills not original." Story Eq. Pl., § 16; see also, §§ 20, 326, 338, 403, *et seq.*

In Ohio, in one case (*Longworth* v. *Sturges*, 4 Ohio St., 690), these bills were not regarded as original bills or suits; but see same case, 6 Ohio St., 143, and observations on page 161 of BARTLEY, Ch. J., and also *Grant* v. *Ludlow*, 8 Id., 29, 30, as to nature of the jurisdiction of the Ohio Supreme Court.

On the other hand, the Supreme Court of Mississippi considers a bill of review as "not constituting part of the original cause, although it has reference to it, but as an independent proceeding." *Cole* v. *Miller*, 32 Miss., 89, 101. To same effect, see prior case of *Mercer* v. *Stark* (1841), 1 Sm. & Mar. Ch. R., 479. And the same view was taken in the well considered case of *Cox* v. *Breedlove*, 2 Yerg. (Tenn.), 499, the principle of which was subsequently affirmed in *Overton* v. *Bigelow*, 10 Id., 48, and the decision adhered to in *Wilson* v. *Wilson*, 10 Id., 200.

As a bill of review proper (and such is the case at bar)

lies only *after final decree* where the cause is at an end, and the parties out of court, as it requires the parties to it to be served with process (3 Danl. Ch. Pr., 1729, 1732), and prays for relief, we are of opinion, and so hold, that where the right to this relief, as in the case at bar, is based upon the discovery of new matter, requiring additional testimony, it is an original proceeding, or one so far in the *nature* of an original proceeding, that this court, whose powers are purely and strictly appellate, cannot *originally* entertain it.

Without quoting, we cite, as fully sustaining this view of want of jurisdiction, *Cox* v. *Breedlove*, 2 Yerg., 499; *Overton* v. *Bigelow*, 10 Yerg., 48; *Wilson* v. *Wilson*, Id., 200; *Mercer* v. *Stark*, Sm. & Mar. Ch. Rep., 479; *Vide* remarks of BUCKNER, Chancellor, p. 485; *Cole* v. *Miller*, 32 Miss., 89; *Love* v. *Blewit*, 1 Dev. & Bat. Eq., 108, where the question was raised in the Supreme Court of North Carolina, but not decided, as it was also the case of *Curry* v. *Burns*, 3 Call, 183.

As sustaining the conclusion above arrived at, on other grounds, see *Southard* v. *Russell*, 16 How., 576, and cases cited; *Washington Bridge Co.* v. *Stewart*, 3 Howard, 413, and cases cited; *Emerson* v. *Tomlinson*, 4 G. Greene, 399; *Perkins* v. *Testerment*, 3 Id., 207.

The only case which has been cited, holding a different view as to the jurisdiction of an appellate court, is *Longworth* v. *Sturges et.al.*, 4 Ohio St., 690. This decision would seem to be of doubtful authority in the very court which rendered it. *S. C.*, 6 Id., 143, 161. We learn from *Grant* v. *Ludlow*, 8 Id., 29, that the Supreme Court of Ohio is in the habit of permitting further testimony to be taken, pleadings to be amended and new parties to be brought in, if necessary. This makes the case in Ohio inapplicable to our court, as the amendment of pleadings, or the reception of additional

or new testimony, has, with us, never been permitted or practiced.

The present bill, which is substantially a bill for a new trial upon newly discovered facts, should have been brought, originally, in the District Court. Whether even that court can sustain such a bill, is not clear, and, as the question does not necessarily arise, and has not been argued, it would be improper for us to undertake to decide it. As favoring the jurisdiction of the inferior court, where the bill is based upon new matter, and where it is brought even after an affirmance in the higher court, see *McCall* v. *Graham*, 1 Hen. & M., 13 ; *Winchester* v. *Johnson*, 2 Munf., 305 ; *Bayer* v. *Lewis*, 1 Hen. & M., 553 ; 2 Id., 589 ; *Pinckney* v. *Jay*, 12 Gill. & J., 69 ; 10 Id., 497 ; *Singleton* v. *Singleton*, 8 Ben. Monr., 340, and remarks of MARSHALL, Ch. J., p. 368 ; Mitford Eq. Pl., 88 ; Adams Eq., 417 ; Story's Eq. Pl., § 418, all these elementary writers holding (upon the authority of *Willan* v. *Willan*, 16 Ves., 89 ; which was, whether a bill of review would lie in the court which made the decree, pending an appeal to the Lords, and which Lord ELDON did not decide, but doubted, and *Barbour* v. *Searle*, 1 Vern., 416) that a bill of review would lie in the Court of Chancery, 'even after an affirmance in Parliament.

But see critical analysis of *Barbour* v. *Searle*, by Chancellor WALWORTH, in 2 Paige, 45 (*Stafford* v. *Bryan*), who says, it "seems to be *against* the right." See remarks on this case in Paige; 6 Pa. St., 402 ; and see 4 Ohio St., 690, where *Stafford* v. *Bryan* is doubted. Consult, also, Revision, § 3116.

As against the jurisdiction of the District Court, see *Southard* v. *Russell*, 16 How., 570, and cases cited, some of which, we may observe, do not go to the extent of the proposition which they are cited to support.

For the reasons above given, this Court is of the opinion

that the present petition of review should be dismissed for want of jurisdiction. The motion for that purpose was proper (2 Yerg., 499, *supra*), and the objection to the jurisdiction was not waived.                    Motion granted.