## KINSELL v. FELDMAN.

### I. Per CURIAM.

1. Bill of review: WHEN IT WILL NOT LIE. A bill of review will not lie after appeal to and final decree in the Supreme Court, upon the ground of newly discovered evidence which is merely cumulative.

### II. Per WRIGHT, J.

2. —— Nor would a bill of this character lie in such a case, even if the evidence were not cumulative.

*Appeal from Lee County District Court.*

TUESDAY, APRIL 12.

BILL OF REVIEW. — The petition makes this case: Plaintiff instituted his proceeding in equity to have enforced a parol contract in relation to real property. Upon the issues joined, after full proof, the District Court dismissed the bill, and this judgment was affirmed in this court (22 Iowa, 363). Plaintiff in due time filed his petition for rehearing, and this was overruled. It is

alleged that petitioner failed in his action because of defendant's fraud "in concealing and putting out of plaintiff's reach, in time to be used on the former trial," certain important and conclusive testimony; that soon after the arrangement was made for the conveyance of the land, as shown in the original petition, defendant told certain persons (his wife's relatives) that it was intended as a mortgage (and this claim, it will be seen by reference to the former opinion and the original record, is the basis of plaintiff's case); that when the news was received of the affirmance of the judgment, these relatives stated these facts; that defendant at once effected a reconciliation, since which nothing can be learned from them upon the subject; that these relatives know all the facts necessary to sustain his case, and by defendant's artifice and fraud conceal the same. Of these facts plaintiff was ignorant at the time of preparing the case for trial. Other persons, too, in the plaintiff's immediate neighborhood, had knowledge of the facts, but were averse to testifying; supposed there was sufficient testimony without them, and hence carefully concealed from him what they knew touching said transaction; have, since the judgment against plaintiff, disclosed that defendant, soon after the alleged agreement, said it was but a mortgage to secure to him his money. The names of the latter persons are given, as also their affidavits, showing to what they would testify, consisting of conversations with defendant.

The prayer is, to have said cause reviewed upon the new and the former evidence, that the decree of the court be vacated and set aside; and that the relief originally asked be granted.

To the petition defendant demurred, the demurrer was sustained, and the plaintiff appeals.

*Francis Semple* for the appellant

*J. M. Casey* for the appellee.

WRIGHT, J. — By the demurrer it was claimed that the court had no jurisdiction to entertain such a petition, after appeal to and judgment in this court; that the application was made too late; that plaintiff failed to use diligence to obtain this testimony; that it was cumulative, not sufficient to change the result; and, finally, that there was no equity in the bill.

I was ready to hold in *McGregor* v. *Gardner*, 16 Iowa, 538, that a bill of this nature would not lie (whether for errors apparent or for newly discovered facts), either in the District Court or this court, after appeal and final decree here; and this opinion I still entertain. And especially so, when the unsuccessful party has been heard, as in this case, upon his petition for rehearing. I know of no case, nor of any practice, warranting a bill of review under such circumstances.

But, without committing the other members of the court to this view (and because they are not, I will not further discuss it), I state that we are all prepared to hold that the demurrer was properly sustained upon another ground.

The testimony, that which is claimed to be newly discovered, is strictly, and by every legal definition of the term, *cumulative*. No authority has been referred to, nor have we been able to find any, justifying a review for such a purpose, or to enable a party to add to his former evidence. We have, in effect, held otherwise, and the authorities are in accord therewith. *Graham* v. *Dixon*, 16 Iowa, 310; *McGregor* v. *Gardner*, id. 538; *Youngs* v. *Keighly*, 16 Ves. 398; *Livingston* v. *Hobbs*, 3 Johns. Ch. 124.

The general allegation of fraud against defendant can weigh nothing, because when the pleader undertakes to particularize, he fails to show any thing of the kind. Did he use any artifice or fraud to prevent plaintiff having a

full and fair trial ? It is alleged that after the decree, and when his wife's relatives were for the first time making known what he had said, he " effected a reconciliation, since which time nothing can be heard from them." This was *after*, and hence could not have tainted the decree with fraud.

Affirmed.

BECK, J., having been of counsel, took no part in the consideration of this case.