Shipman *v.* The State.

————————•————————

### Shipman *v.* The State.

MOTION FOR NEW TRIAL. — *Newly-Discovered Evidence.* — *Affidavit.* — An application for a new trial, on the ground of newly-discovered evidence, is bad,

if the affidavits of the witnesses whose evidence is sought to be obtained are not filed, or good reason shown why their affidavits have not been procured.

SAME.—Where such witnesses reside in the town or city where the cause has been tried, the fact that the party seeking the new trial is in custody is not a sufficient excuse for not producing their affidavits.

SAME.—If there has not been time to procure the affidavits of the witnesses, time should be asked for that purpose.

APPEAL from the Johnson Circuit Court.

WORDEN, J.—William Shipman was indicted in the court below, jointly with Levin T. Shipman, for the murder of John C. Kelly. William was put upon trial, and found guilty of manslaughter, and sentenced to imprisonment in the penitentiary for the term of twenty-one years.

He moved for a new trial, on the grounds, first, of newly-discovered evidence; second, errors of law in giving and refusing certain specified charges; third, that the verdict was contrary to the evidence.

The evidence is in the record, and from an examination of it, we are satisfied that it fully sustains the verdict. The homicide was perpetrated in the night time. The appellant shot the deceased with a pistol. The appellant, the deceased, and several others, had been drinking, and were in some degree intoxicated. A difficulty seems to have arisen between some of the parties. The appellant shot the deceased in an open street, the ball entering near the collar bone and passing through a portion of the lungs and lodging in or near the spinal column.

The defence claimed that the shooting was in self-defence; that at the time the appellant shot the deceased, the latter was attacking him with a knife. The defence offered evidence to show that soon after the commission of the homicide, the appellant was seen to have a wound upon his arm, as if recently cut with a knife.

We have thus stated enough of the case to show the application of the supposed newly-discovered evidence. The defendant filed the following affidavit in support of his motion:

" William Shipman, defendant in the above-entitled action,

being duly sworn, on his oath says that just before the shooting by him of John C. Kelly, deceased, mentioned in the indictment herein, he was attacked by said Kelly, who, after striking twice at affiant with a knife, did stab affiant in his left arm with said knife; whereupon, believing, and having reasonable cause to believe, that it was necessary so to do to save his own life, he did, seeing no other means of escape or retreat, shoot said Kelly; that he had not given said Kelly any provocation whatever, and had no malice whatever against him; that affiant, before and at the time of the trial, knew of no testimony tending to prove that said Kelly did so stab affiant, except the testimony of one Sarah Ann Shipman, wife of Levin Shipman, jointly indicted with, and a brother of, affiant; that evidence was introduced by the State tending to prove, and it was by the prosecutor argued upon the trial, that affiant, in order to fabricate a defence, stabbed himself; and that the wound upon his left arm, claimed by him to have been inflicted by said Kelly, was inflicted by affiant himself with his own knife; that since said trial affiant has discovered, and avers that he can now prove, that upon the night and shortly after said shooting, a knife was found in the pocket of said Kelly, and belonging to him, upon the blade of which was discovered woollen lint, such as would have been found upon it if, as affiant alleges, it had been thrust through his coat-sleeve, and also traces of human blood, such as also would have been found upon it if it had been, as affiant alleges, thrust into his arm; that he can identify said knife so found in the pocket of said Kelly as his, said Kelly's, knife, by one Moore, a colored washerwoman, whose given name is to affiant unknown, and also by the wife and children of said Kelly, whose names are also to affiant unknown; and that he can also prove the fact that woollen lint and traces of blood were found upon the blade of said knife, as hereinbefore set forth, by one Philander W. Payne, a physician and surgeon, learned and skilled in all the matters pertaining to his profession, and in experiments and examinations requiring a knowledge of chemistry and

the microscope. Affiant further says that within two hours after the shooting aforesaid, he was arrested, and has ever since been confined in the Johnson county jail; that the indictment upon which he was tried was returned by the grand jury at this term of this court, and affiant immediately put upon his trial; that affiant had and has no means, nor any relations or friends able to furnish means, wherewith to enable him to employ counsel, or to prepare for his defence; that he was defended by counsel assigned him by the court when his case was called for trial, who knew nothing of the newly-discovered evidence hereinbefore set forth; that all the witnesses by whom affiant expects to prove, and can prove, the newly-discovered facts hereinbefore set forth, reside within the jurisdiction of this court, and in the city of Franklin, and he can prove such facts by them if a new trial be granted him; but, for the reasons hereinbefore set forth, he has been, and is, unable to procure their affidavits of such newly-discovered facts in support of his motion for a new trial. All of which affiant swears to be true, as he verily believes."

The defendant also filed the affidavit of Messrs. Oyler and Howe, the attorneys assigned by the court to defend the defendant, stating, in substance, that until after the trial they had no knowledge whatever of the newly-discovered evidence, nor was there any information in their possession tending to put them upon inquiry in relation thereto; that they had reason to believe, and did believe, that the appellant knew nothing, nor was there anything tending to put him upon inquiry as to such newly-discovered facts, until after the trial.

We are of opinion that the application for a new trial, on the ground of newly-discovered evidence, was properly overruled, for the reason, if for no other, that the affidavits of the witnesses, whose evidence was sought to be obtained, were not filed. No good reason is shown why their affidavits were not or could not be procured. They resided, as is shown in the appellant's affidavit, not only within the

jurisdiction of the court, but in the town or city where the cause was tried. The appellant was, to be sure, in custody, but his personal attendance was not necessary in order to procure the affidavits. This could have been done much better, probably, by counsel than by himself. If there had not been time to procure the affidavits of the witnesses, time should have been asked for that purpose. *Gibson* v. *The State*, 9 Ind. 264. Nothing of this kind, however, was done.

The appellant complains of some charges given, and of the refusal of the court to give some that were asked by him. We deem it unnecessary to extend this opinion by setting out the charges given and refused. We think the charges given, as a whole, were correct, and that those asked by the defendant and refused, were substantially embraced in those given by the court.

There is no error in the record, for which the judgment ought to be reversed.

The judgment below is affirmed, with costs.

*S. P. Oyler* and *D. Howe*, for appellant.

*B. W. Hanna*, Attorney General, for the State.