Hill *v.* Roach *et al.*

---

No. 7694.

## Hill *v.* Roach et al.

72   57
149   523

72   57
f156   81

REVIEW OF JUDGMENT.—*Verification of Complaint.—Pleading.*—In a complaint to review a judgment because of material new matter discovered since it was rendered, the averment of such new matter is sufficient, without the affidavit of the witness by whom it can be proved, if the complaint is verified by the complainant, and such averment may be proved upon the trial as other material averments of the complaint.

SAME.—*Exhibits.—Pleading.—Practice.*—Where the affidavit of the witness by whom it is expected to prove the material new matter, alleged to have been discovered. is filed with a complaint for review. it will be regarded as a mere exhibit, and not. for any practical purpose, a part of the complaint; and only the averments in the body of the complaint will be considered in judging of the materiality of the newly-discovered evidence.

SAME.—*Diligence.*—As to the showing of due diligence on the part of complainant, in a. complaint for review. in endeavoring to ascertain. at the proper time. the matter claimed to have been then recently discovered, see the opinion.

SAME.—*After Affirmance by Supreme Court.*—A complaint to review a judgment for error of law in the proceedings will not lie after the judgment has been affirmed by the Supreme Court; but a complaint to review for material new matter may be prosecuted after the judgment has been affirmed by the Supreme Court upon appeal involving only supposed errors of law in proceedings below, if the complaint is filed within the prescribed time.

NEW TRIAL.—*Newly-Discovered Evidence.—Affidavit of Witness.*—An application for a new trial on the ground of newly-discovered evidence, unlike a complaint for review, must be supported by the affidavit of the witness, by whose testimony it is expected to establish the newly-discovered evidence, filed with and made part of such application.

From the Elkhart Circuit Court.

*J. H. Baker* and *J. A. S. Mitchell*, for appellant.
*J. D. Osborn* and *E. G. Herr*, for appellees.

NIBLACK, C. J.—This was a proceeding upon a complaint for the review of a judgment.

The complaint averred that John A. Roach and Mahlon F. Roach, on the 26th day of October, 1870, executed their promissory note to one Warren H. Thomas for the sum of $1,764.53, payable two years after date ; that the said John A. Roach was the principal obligor in said note, and the said Mahlon F. Roach was only surety thereon; that afterward, at the February term, 1874, Daniel Hill, the defendant, brought an action in the court below against the plaintiffs on said note, and that such proceedings were had in said action, that, on the 22d day of March, 1875, the said Hill recovered judgment against the plaintiffs in the sum of $1,-635.77, a complete transcript of which said proceedings and judgment was filed with the complaint ; that the said John A. Roach had at the time, and still continued to have, a just and valid defence to said note, which defence was set forth in the answers filed in the action in which such judgment was

rendered; that, during the progress of said action, demur--
rers were sustained to said answers, on the ground that said.
note was payable at a bank in this State and had been en--
dorsed to the said Hill before it was due; that the plaintiffs
herein appealed from the judgment in that action to the Su-
preme Court upon the issue as to whether said note was ·
governed by the law merchant; that such proceedings were
had in the Supreme Court, that, on the 7th day of March,.
1877, the judgment so appealed from was affirmed; that,.
since the rendition of said judgment, the plaintiffs have dis--
covered new matter concerning said cause of action, namely,.
that the said Warren H. Thomas did not sell, assign or in-
dorse said note to the said Hill before it was due, as alleged
in the complaint in that action, but, on the contrary, that
said note was assigned, delivered and endorsed to him, the
said Hill, long after it was due, thereby making said note·
subject in his hands to the defences theretofore pleaded in
said action; that, before said judgment was rendered·
against them, the plaintiffs used great diligence to ascertain
the fact thus newly-discovered, and amongst other things,.
took the deposition of the said Warren H. Thomas, who then
resided in the State of Michigan, and who testified that he·
had sold and indorsed the said note to the said Hill long be-
fore its maturity; that the plaintiffs were unable to find.
any evidence contrary to what was thus testified to by the·
said Thomas; that the plaintiffs had ascertained the fact
that said note had not been indorsed to the said Hill until
long after its maturity, less than sixty days before the time
of filing this complaint, and that this complaint had been
filed at the earliest practicable moment since said fact had
been ascertained; that the plaintiffs were then able to prove·
by one Henry Clark, a disinterested and reputable witness,.
that said note had not been indorsed to the said Hill until.
long after it became due, the affidavit of the said Clark be--
ing filed with the complaint; that the said Warren H..

Thomas was insolvent, and had been ever since the rendition of said judgment. Wherefore the plaintiffs demanded a review of the judgment and other appropriate relief.

The defendant demurred to the complaint, but his demurrer was overruled, and issues were formed in the cause.

A jury returned a verdict favorable to the plaintiffs, and the court thereupon ordered and adjudged, that the judgment sought to be reviewed should be so far opened and modified as to permit the plaintiffs herein to file their answer in the action in which it was so rendered, tendering and presenting any defence which they may have had to such action at the time of its commencement, or at the time of the rendition of such judgment, and rendered judgment against the defendant for costs.

The questions discussed here by the appellant have reference solely to the sufficiency of the complaint. The appellant insists that his demurrer to the complaint ought to have been sustained:

First. Because the alleged newly-discovered matter was immaterial;

Second. Because no proper acts of diligence were averred;

Third. Because a complaint for review can not be entertained after the judgment has been affirmed upon an appeal to the Supreme Court.

The first objection urged to the complaint is based mainly upon the statements contained in the affidavit of Clark, which was filed with, and thereby intended to be made a part of, the complaint.

There is a well recognized distinction between a proceeding to review a judgment on account of material new matter discovered since it was rendered, and an application for a new trial upon the ground of newly-discovered evidence. *Webster* v. *Maiden*, 41 Ind. 124; *Hall* v. *Palmer*, 18 Ind. 5. In the latter case, the affidavit of the witness, by whose

testimony it is expected to establish the newly-discovered evidence, must be filed with and made a part of the application, if it can be obtained. *Shipman* v. *The State*, 38 Ind. 549. In the former case, no such affidavit is required to be filed with the complaint.

The averment of new material matter discovered since the former trial has only to be supported, in the first. instance, as was done in this casҩ, by the oath of the complainant, and then to be proven upon the trial in the same manner as other material averments of the complaint must be proven. 2 R. S. 1876, p. 249, sec. 588. As analogous to the rule thus stated, see the case of *Sanders* v. *Loy*, 45 Ind. 229.

The affidavit of Clark, filed as above stated, became at most a mere exhibit in the cause, which neither added to, nor subtracted anything from, any of the substantial averments of the complaint, and hence could not be considered, for any practical purpose, a part of the complaint. *Parsons* v. *Milford*, 67 Ind. 489. In judging, therefore, of the materiality of the alleged newly-discovered matter in this case, we must look to the averments contained in the body of the complaint, and not to the affidavit of Clark; and, judged of in that way, the new matter set up in the complaint appears to us to have been palpably material. We think the complaint also showed reasonable diligence in endeavoring to ascertain, at the proper time, the matter claimed to have been then but recently discovered. At all events, no material failure of the complaint in that respect has been specifically pointed out.

It is unquestionably true, that, in this State, a complaint for the review of a judgment for error of law in the proceedings will not lie after the judgment has been affirmed upon an appeal to this court; but we know of nothing, either in principle or based upon authority, which can be properly construed to prevent the prosecution of a complaint for review, as in this case, for material new matter, after the

judgment has been affirmed by this court upon an appeal involving only supposed errors of law in the proceedings below, *provided* the complaint is filed within the time limited for the commencement of such actions. *Davis* v. *Binford*, 70 Ind. 44; *The Indiana Mutual Fire Insurance Co.* v. *Routledge*, 7 Ind. 25; *Southard* v. *Russell*, 16 How. 547, 570; *Kinsell* v. *Feldman*, 28 Iowa, 497; *Stafford* v. *Bryan*, 2 Paige, 45; *Dennison* v. *Goehring*, 6 Pa. St. 402.

We are unable to see any valid objection to the complaint. The judgment is affirmed, with costs.