## PIERCE v. WILSON et al.

Where the denials in an answer in chancery, are positive and unequivocal, and made under oath, they must be overcome by the testimony of two credible witnesses, or other evidence of equivalent weight and force.

Each partner has a specific lien on the partnership stock, not only for the amount of his share, but for moneys advanced by him beyond that amount, for the use of the copartnership, as also for moneys abstracted by his copartner beyond the amount of his share.

But this right or lien is subordinate to the right of the joint creditors, to be first paid from the partnership capital, funds, or stock.

And where one partner sold two-thirds of the partnership property, in fraud of the rights of his copartner, whereby the partnership was dissolved, the purchasers having notice of the interest of the other partner; *Held*, That the

purchasers took the property, subject to the right of the other partner to a lien for moneys advanced.

On an appeal in chancery, the facts, as well as the law of the case, are re-viewed and re-adjudicated by the Supreme Court; and upon an examination of the whole case, this court will render such a decree as should have been entered in the first instance, consistent with the case made by the bill, and sustained by the proof.

### Appeal from the Dubuque District Court.

IN the fall of 1852, the complainant and respondent, Wilson, entered into a business arrangement for carrying on a livery stable in the city of Dubuque. The terms of their agreement were never reduced to writing. In July, 1853, during the absence of complainant, Wilson sold out two-thirds of the establishment to his co-defendants, David De Lorimier and Manley Hannan, excepting certain carriages and other articles specified, of which he sold but one-half. The purchasers immediately took possession, and controlled and used the share so purchased, and have continued to so use and control the same. After his return, Pierce filed this bill, setting up that he and the said Wilson were equal part-ners in said livery business; that said sale was in fraud of his rights; that said Wilson had sold more than his interest; that complainant had put into said partnership in money and property, a large amount of means, and more than one-half; that Wilson refused to settle and account with him; that the other defendants had notice of his interest in said co-partnership; and praying that defendants be decreed to ac-count to him for one-half of said livery stable and property so held and owned by the partnership, and of all stock and business of said firm; and that the property be decreed to be liable for the debts, and for general relief.

The defendants answer under oath, and deny substantially all the material allegations of the bill, except as hereafter stated. The answers, however, set up, that if any partner-ship existed, complainant was interested only to the extent of one-third, and Wilson owned the remaining two-thirds. The sale to De Lorimier and Hannan is admitted as alleged, and

that they took possession in accordance with said sale. Wil-son denied that he had refused to account with complainant; and averred that the refusal was on the part of complainant, and that he, complainant, was largely indebted to him on account of said livery business. He also sets forth said account. To these answers, complainant replies, re-affirming his bill, and stating his account. The cause was referred to a master to take an account, as also the testimony. Upon the coming in of this report, certain exceptions were taken to the same, by De Lorimier and Hannan, which were sustained, the bill dismissed as to them, and a decree rendered in favor of complainant, giving him one-third of the general property, one-half of certain carriages, buggies, and other specified articles, and for the sum of five hundred and thirteen dollars and sixty-six cents, against the said Wilson, being the amount found to be due complainant in the settlement of said partnership up to the time of the sale by Wilson. From this decree, complainant appeals.

*W. Penn. Clarke*, for the appellant.

*Smith, McKinlay & Poor*, for the appellees.

WRIGHT, C. J.—The record and argument of counsel, present four questions for our determination: *First.* Is the averment in the bill, that complainant and Wilson were in partnership, sustained? *Second.* If in partnership, what were the interests of the parties therein? *Third.* Was the amount decreed to complainant, correct under the proof made? *Fourth.* Should the property and effects of said partnership, be held liable for any balance found due the complainant?

The first inquiry must be answered in the affirmative. Such partnership relation is, in fact, virtually admitted in the answers, and all of the testimony taken by both parties, abundantly proves the same fact. The interest of each partner therein, is a question of more difficulty. And herein lies the prominent matter of controversy between these parties. As shown in the statement of the case, the defend-

Pierce v. Wilson et al.

ants answer under oath, and deny clearly and unequivocally, that complainant was an equal partner, owning one-half of the property, entitled to one-half of the profits, and liable for a like proportion of the debts; but averring that such interest and liability was one-third only. Did this question depend alone upon the preponderance of the testimony, we should hold that the complainant's claim in this respect was sustained. But giving to the answers, the force and effect to which they are entitled by the well recognized rules of chancery practice, we must conclude that the proof is insufficient. The denial as to this charge, is positive and unequivocal. This must be overcome by the testimony of two credible witnesses, or other evidence of equivalent weight and force. After carefully examining the testimony, we cannot conclude, that this has been done. It is true, that two witnesses speak of conversations between the parties, that are quite inconsistent with this denial, and tend to show that Wilson admitted on two occasions, that he and complainant were equal partners in said livery business. The full purport of such conversations, is not without ambiguity, and it is shown upon the part of the defendants, that on one occasion, complainant admitted that he was not an equal partner, and by another witness, it is shown that the interest of the complainant was but one-third. Other circumstances are developed, bearing indirectly upon the question, of about equal force on each side. Under this proof, we cannot feel justified in holding, that the positive and full denial contained in the answers, is overcome. We, of course, treat the answers in this respect as one, giving to them only the force and effect due to the answer of one defendant. We have, then, the circumstances equal, the bill, a sworn answer, full and clear in its denials, and that sustained by two witnesses, and all the witnesses, as far as disclosed, of equal credibility. Under such circumstances, the answer must prevail.

We next inquire whether the amount decreed to complainant was correct, under the proof made. And this inquiry we must answer in the negative. It appears from the master's report, that treating the parties as equal partners,

complainant had paid into the partnership two hundred and twenty-nine dollars and seventeen cents, more than Wilson, and was entitled to that amount in his favor, as a balance over the interest of Wilson. The report also states, that besides the items allowed by him in the account stated, there were other sums claimed by Wilson, which he could not admit as proved, as no proof was offered on them. He then closes his report by stating, that if an allowance were made for the payments probably made by Wilson, calling the stock and stable equal between them, there is very little, if anything, due from the one to the other. On this report and the proof, the court below found, that if the stock and stable were owned by them equally, there was nothing due from the one to the other, but that inasmuch as complainant was found to have an interest of only one-third, he was therefore entitled to recover of Wilson, the difference between the said one-third and one-half, to wit : the sum of $513.66. We do not think the court was justified from the proof and the master's report, in limiting complainant's recovery to this amount. In addition to this difference, the complainant should have been allowed two-thirds of the said $229.17, the amount so overpaid by him, upon the hypothesis that they were equal partners. Adding this two-thirds to the $513.66, we have the sum of $666.44, as the amount due complainant. The master, in an explanatory report, states that he found this amount of $229.17 due complainant, upon the basis that the whole property was joint, and each party entitled to the equal half thereof, and that such is the conclusion to which he arrived, from an actual examination of actual payments and receipts by them respectively, and was what he intended to state in his former report. To the original or explanatory report, no exceptions appeared to have been filed by the respondent, Wilson. *Blake* v. *Dorgan,* 1 G. Greene, 547. Under this state of the case, we cannot see how it can be said, there was nothing due from one to the other, upon the basis of their being equal partners. The finding of the court below in this respect, appears to have been based upon that portion of the

Pierce v. Wilson et al.

report which stated, that if allowance were made to Wilson for certain payments, *probably* made by him, there would be little, if anything, due from one to the other. In other words, as we understand it, such payments were allowed because they were *probably* made. We see nothing, however, to justify such an allowance, or to satisfy us that the finding and conclusion of the master was not strictly correct.

The last inquiry is, whether, for the amount found due complainant, he is entitled to a lien upon the partnership property and assets. The sale by Wilson operates, of course, to dissolve the partnership. That De Lorimier and Hannan made the purchase with notice that complainant was a partner, and had an interest in the property, part of which they purchased, we think is abundantly shown. Upon what equitable principle, then, is it claimed, that complainant should not have recourse, by specific lien, upon this property, to be reimbursed the amount advanced by him? We understand the general principle to be, that each partner has a specific lien on the partnership stock, not only for the amount of his share, but for moneys advanced by him beyond that that amount, for the use of the copartnership, as also for moneys abstracted by his copartner, beyond the amount of his share. Collyer on Part. section 125, and a very full reference to the authorities in notes 1 and 2 to said section, and also, sections 126–7. The same doctrine will be found fully recognized in Story on Part. §§ 96 and 441, and in Story's Equity Jur. § 675. In section 96 of his work on Partnerships, the learned author, after speaking of the rights of the joint creditors, and of the lien which may be worked out through the partners, in favor of such creditors, proceeds to state and recognize the above rule, by saying that each partner also, has a specific lien on the present and future property of the partnership, not only for the debts and liabilities due to third persons, but also for his own amount or share of the capital, stock, funds, and for all moneys advanced by him for the use of the firm. This right or lien is, of course, subordinate to the right of the joint creditors, to be first paid from the partnership capital, funds, or stock. And

it is a little remarkable, that in the whole record, there is nothing said with reference to the rights of such creditors. We can only presume that none existed. If there were such, an account should have been taken of the outstanding liabilities, in order to properly settle the partnership. And in any order that may be made, recognizing and giving to the complainant a lien for the amount so found to be due him, the rights of the joint creditors can, of course, be in no manner affected. The appropriate method is, by the final decree, to order a sale of the partnership property, the proceeds of which, after the payment of expenses and the joint debts, is to be distributed among the partners, according to their respective interests, having reference to advances made by either one, over and above his proper share or interest. And this must be the order in this case, in the absence of agreement to the contrary; for we do not regard that the purchase by De Lorimier and Hannan, can change the rule, they having purchased with notice. Indeed, the fact of their purchase, renders such sale the more necessary, it being conceded that the former partnership was thereby dissolved. The rights of the complainant and such purchasers, arising subsequent to the sale by Wilson, appears not to have been in litigation, and with them we have nothing to do. It is claimed, however, by respondents, that it does not appear that this claim for a specific lien was made or urged in the court below. But it must be borne in mind, that this is an appeal in chancery, and in this court, the facts as well as the law of the case, are again reviewed and re-adjudicated. *Stockwell* v. *David*, 1 G. Greene, 115. Upon an examination of the whole case, this court will render such a decree as should have been entered in the first instance, consistent with the case made by the bill and sustained by the proof. This bill prays for such lien; and we see no equitable rights of the respondents which will be infringed by granting the prayer.

The decree will therefore be so far modified, as to allow complainant $666.44, with interest, instead of $513.66, and that the same be a specific lien on the property belonging to said partnership, and in all other respects it is affirmed.