JOHN L. HASWELL, Appellant, v. H. J. THOMPSON et al., Appellees.

**JUDGMENT:** Construction and Operation—Decree of Reversal—
1 Relating Back. A final judgment, entered, in an action to quiet title, in compliance with a reversing or modifying order of the Supreme Court, *relates back*, and takes effect as of the date of the original decree from which appeal was taken.

PRINCIPLE APPLIED: Plaintiff in an action to quiet title was adjudged to be the owner of certain land on condition that he return to defendant a named sum of money. Defendant appealed. *Pending the appeal*, a drainage improvement was established across said land, and plaintiff filed his claim for damages, and $600 was allowed on the claim. Defendant filed no claim for damages. Thereafter, the above appeal was decided. The decree of the lower court was modified by giving to defendant an election to take a decree in his favor on condition that he pay plaintiff a named sum. Defendant thereafter elected to do so, and, after paying the sum specified by the appellate court, a supplemental decree quieting title in defendant was entered. This latter decree became final. The ditch improvement was actually constructed after the entry of said final supplemental decree. The drainage district was indifferent as to who should receive the $600 damages.

On the issue as to who was entitled to the $600 damages, *held* that the supplemental decree related back to the date of the original decree which was modified by the Supreme Court, and therefore defendant owned the land when the drainage improvement was established, and consequently was entitled to the damages.

**DRAINS:** Establishment—Damages—Who May Claim. Principle
2 recognized that only the legal or equitable owners of lands taken for the construction of a drainage improvement may claim damages therefor.

PRINCIPLE APPLIED: See No. 1.

**DRAINS:** Establishment—Damages—Failure to File Claim—Effect.
3   One who files a claim for damages by reason of lands taken
    for the construction of a drainage improvement, and who is
    not entitled to the damages allowed because not owning the
    land, may not defeat the actual owner's claim to the damages
    on the ground that such actual owner had filed no claim for
    such damages, when the drainage district did not see fit to
    raise such question.

    PRINCIPLE APPLIED:    Sec No 1.

*Appeal from Kossuth District Court.—N. J. LEE, Judge.*

THURSDAY, OCTOBER 18, 1917.

PLAINTIFF brought this action in mandamus to compel
the board of supervisors and auditor to draw a warrant to
him in payment of a claim for damages from the establish-
ment of a drainage district, which claim had been filed and
allowed.    Defendant Senneff filed a cross-petition asking
mandamus against the auditor and board to deliver the
warrant to him.    The district concedes that the award is
due to either plaintiff or Senneff, and is ready to pay to the
one entitled thereto.    After trial on the merits, the court
found that the equities were with the defendant Senneff,
and the plaintiff appeals.—*Affirmed.*

    *Burt J. Thompson* and *Alan Loth,* for appellant.

    *Senneff, Bliss, Witwer & Senneff,* for appellees.

PRESTON, J.—The case, or a branch of
1. JUDGMENT:       it, has been here before (*Haswell v. Stand-*
construction
and operation:   *ring,* 152 Iowa 291).    The facts and the his-
decree of re-
versal: re-       tory of the case are somewhat complicated,
lating back.
and are set out at considerable length in
the former opinion, and there are other matters arising
since the former hearing.    A better understanding of the
case can be had, perhaps, by giving a brief history of the
case, although, as we view it, the determination of this ap-
peal turns on one or two of several propositions argued.

On January 17, 1911, the legal, or record, title to 160 acres of land described in the petition was in plaintiff, and on that date, Drainage District No. 25 was established so as to include said land. On the same date, a claim for damages because of the establishment of the district and construction of the contemplated ditch was allowed in the sum of $600, which claim had, prior thereto, been filed by plaintiff. The tax for the payment of this has been levied and collected, and the ditch has been constructed. Actual construction of the ditch was done after defendant Senneff obtained legal title to the land. Senneff is now the record owner of the land, having acquired title through one Hill since the trial and decision of the former case by the Supreme Court.

The defendant Senneff, for answer, set up the matters hereinafter referred to, which we shall state as briefly as may be. Prior to February 18, 1902, plaintiff became the owner of the land in question, through negotiations with John Standring, and paid $4,000 for the quarter section, and agreed with Standring that, when the same was sold, Standring should have one half the profits. On the date last mentioned, a forged deed, purporting to convey the land in question, was executed to Standring and placed of record. On March 7, 1902, Standring conveyed to Huntley, through whom and intervening grantors and the decree of the court, defendant Senneff acquired title. Some time before March 19, 1903, Standring reported to Haswell a sale of the land to one Howie, on the basis of $5,600, which report was not true. On the last-named date, Standring sent Haswell $500, as having been paid by Howie on the purchase. May 13, 1903, Standring sent Haswell $1,000 on the supposed deal, and on September 1, 1903, he sent another $1,000 to plaintiff in cash, and a mortgage for $3,100 covering the land in question, purporting to be signed by Howie, which

would make the total on the supposed sale of $5,600. This sale, if genuine, would have netted Haswell $1,600 profit. He returned $800 of it to Standring for his share of the profits, and plaintiff retained $1,700 of the cash received and retained the $3,100 Howie fictitious mortgage. March 16, 1908, plaintiff commenced an action to quiet title to the land in question, bringing in as defendants the parties who, according to the record, had any interest therein, or who had had any interest in the record title subsequent to the date of the alleged forged deed to L. S. Standring. Hill, who was the last record title owner under the forged conveyance, was made a defendant, and, as said, appellee Senneff obtained title through Hill. In that action, the decree of the district court quieted the title in Haswell, but required him to pay into court for the benefit of defendants $1,782, being the amount, with interest, that Haswell had received and retained out of the supposed Howie sale. That action was appealed by the defendants to the Supreme Court. The drainage district was established, and the $600 award in question allowed, pending the appeal.

The Supreme Court modified the decree of the district court, and provided that, if defendants would pay plaintiff $3,100, with interest, the title should be quieted in the defendants. The theory of the opinion, as stated at page 300, was that both plaintiff and defendants were innocent of wrongdoing, but were both the victims of Standring's wrong, and that, if a result could be reached which would give plaintiff all he wanted or expected from the land in question, and at the same time give defendants the advantage of the price fixed by the plaintiff himself, it would as nearly reach an equitable result as could be done. In other words, if plaintiff received all that he could possibly have received for his land, had a sale in fact been made to Howie, he would suffer no actual loss, and defendants might be saved something by reason of the advance in the value of

the land after their supposed purchase; and this court held that, if defendant should pay the sums above mentioned, a deed might be made by commissioner, or the title should be quieted in defendants by decree, as they might elect.

Following the decision of the Supreme Court, defendants in that action paid to the clerk, for plaintiff's use, $3,885.85, this being $3,100 with interest; and deed was delivered to the heirs of Hill, he having died. Thereafter, upon proper proceedings, the district court, on February 29, 1912, entered a supplemental decree quieting title in defendant Senneff, to whom deeds from the Hills had been executed. As said, the ditch for which the award of damages was made was not actually dug until after title had been quieted in Senneff. In the instant case, the trial court determined that Senneff was entitled to the $600, and no appeal has been taken by the board of supervisors or drainage district, so that the finding of the district court is conclusive that Senneff is entitled to the money, unless plaintiff Haswell is entitled thereto.

2. DRAINS: establishment: damages: who may claim.

Appellant argues a number of propositions; and they are, substantially, that the owner of the land at the time the right to damages accrues is the person entitled to the payment thereof, and that the right to damages accrues so as to fix the rights of the parties not later than the date of the establishment of the drainage district (citing the statute, Code Supp., 1913, Secs. 1989-a5 to 1989-a7 and Code Sec. 1941, and cases); and the contention is that plaintiff was the legal and equitable owner at the time of such establishment, because the decree of the district court in the first case so held. This last proposition is, we think, the turning point in the case, and will be referred to later.

Appellees' claim is that, when the decree appealed from in the first case was reversed and a supplemental decree entered, the supplemental decree related back; in other

words, that the final decree, after reversal, was simply such a decree as should have been entered in the first instance.

It is thought by appellant that the holding of the Supreme Court in the former case is not favorable to Senneff's rights to the $600 award. It is true that the question as to this $600 damages was not in issue in the former case, and in fact the district had not then been established. But the theory of the opinion was to make plaintiff whole, and Senneff acquired the rights of the defendants in that action after the reversal by the Supreme Court, and stands in their place.

It is further contended by appellant

3. DRAINS: establishment: damages: failure to file claim: effect.

that Senneff had no right to the drainage award, for the reason that his grantors waived the claim for damages by failing to file a claim therefor. But it occurs to us that there could be but one claim for damages; that is, the equitable owner and the person holding the legal title would not both be entitled to damages. The plaintiff filed a claim on the theory that he was the owner of the property, and if he was not such owner, as was finally determined, then he would not be entitled to the damages, even on plaintiff's theory that the owner of the land at the time the right to damages accrued is the person entitled thereto. Furthermore, the question as to whether Senneff should not be allowed the damages, because he had filed no claim, seems not to have been raised by the drainage district in the lower court, and, as said, the district has not appealed from the decision of the lower court that Senneff was entitled to the damages; so that, if plaintiff has not established his right to the damages, it is not any concern of his whether they shall go to Senneff or not.

Appellee contends that Haswell was not the owner of the land when he filed the claim for damages; that the decree of the trial court which established such ownership

was reversed by the Supreme Court, and the supplemental decree following the decision of the Supreme Court determined the rights of the parties and related back to the original decree, citing Freeman on Judgments (3d Ed.), Sec. 481; and they contend that the supplemental decree, carrying out the provisions of the decision of the Supreme Court, had the effect of entirely destroying the decree of the trial court from which appeal was taken, citing *Seevers v. Cleveland Coal Co.,* 166 Iowa 284. We think this must be so, and that the supplemental decree in the first case establishes the rights of defendant Senneff, and relates back and determines the rights of the parties, in so far as plaintiff is concerned. The fact that a supplemental decree was entered, after a reversal by the Supreme Court, does not change the situation, and is no different than it would have been had the Supreme Court reversed absolutely the decree of the trial court and vested title in the defendants, because the opinion gave defendants the right of election, and they elected to have a supplemental decree upon the payment by them of the money ordered. We think that plaintiff's rights were the same when the first decree was entered as they were fixed in the supplemental decree, from which supplemental decree no appeal was taken. It seems to us that, if appellant's contention be sustained, and he is allowed the $600 in controversy, he will receive $600 more than the amount which would make him whole. That was the purpose of the Supreme Court, that equity should be done plaintiff, though, as stated, the $600 in controversy was not in issue in that case. As said, Senneff acquired what rights Hill had. It should have been stated that Hill had served notice on Schumaker and Huntley, his grantors, to defend his rights under his covenants of warranty, and the fixing of the rights of Schumaker and Huntley would determine Hill's rights, in so far as they had any relation to

Haswell. We think there is no merit in plaintiff's plea of estoppel. He did not change his position, nor was he misled to his prejudice, so far as this controversy is concerned, and did nothing with reference to the damage claim that he would not have done but for the things alleged as constituting an estoppel.

We are of opinion that the judgment and decree of the trial court was right, and that it ought to be affirmed. It is—*Affirmed.*

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.