Martin B. Stecher, J.
This is a motion by the plaintiff to discharge its undertaking on appeal. The motion is granted.
The plaintiff brought an action for declaration of its rights and for substantial damages. The defendant, in its answer, interposes numerous counterclaims seeking even greater damages. The defendant moved for partial summary judgment on certain of its counterclaims for failure to pay promissory notes and partial summary judgment was granted.
Notice of appeal to the Appellate Division was served and an appeal bond was filed effecting a stay (CPLR 5519, subd [a], par 2). On appeal the judgment was affirmed on its merits but its execution was stayed pending the trial of the remaining issues. (Dalminter, Inc. v Dalmine S. p. A., 29 AD2d 852, affd 23 NY2d 653.) Underlying CPLR 5519 (subd [a], par 2) is the statutory intent that should a party be denied the fruits of his judgment below because of the delay engendered by an appeal, that party is entitled to have his victory secured so that when the stay of enforcement resulting from the appeal is vacated by affirmance, a ready fund with which to satisfy the judg *724 ment shall be available. Under the facts of this case, such a fund is not mandated.
The function of appellate review is to correct erroneous orders or judgments entered below (CPLR 5522). A reversal or modification should be regarded as dating back to the time of entry of the order or judgment appealed from. There is no doubt that if Special Term had stayed execution pending trial of the remaining issues (as did the Appellate Division) no bond under CPLR 5519 (subd [a], par 2) would have been required to stay the judgment pending appeal. The failure of Special Term to grant such a stay must, in light of the Appellate Division decision, be regarded as error. It would be a strange system of law which would provide rewards to the beneficiary of judicial error which were not available to the beneficiary of an initially correct judgment or order.
Settle order in accordance with the foregoing providing for a 10-day stay of order to be entered following service with notice of entry.