**Ruth Jeppson Peterson PENROSE, Plaintiff and Respondent,**

v.

**Wallace Herbert PENROSE, Defendant and Appellant.**

**No. 17576.**

Supreme Court of Utah.

Dec. 16, 1982.

---

Macoy A. McMurray, Salt Lake City, for defendant and appellant.

Fred L. Finlinson, Salt Lake City, for plaintiff and respondent.

DEE, District Judge:

This is an appeal from a judgment entered by the Third Judicial District Court, in and for Salt Lake County, awarding a lump sum and monthly alimony in a Decree of Divorce to Mrs. Penrose, the plaintiff and respondent. The defendant and appellant appeals from the lower court decision which resulted in a judgment in plaintiff's favor for the sum of thirty thousand dollars ($30,000.00) as "lump sum alimony," and monthly alimony of two hundred dollars ($200.00) per month; provided however, that upon payment of the $30,000.00 lump sum, the monthly obligation would cease.

The relevant facts on appeal are as follows:

Mr. and Mrs. Penrose, hereinafter the defendant and plaintiff respectively, were married on August 13, 1959, a late-in-life second marriage for both. The defendant was sixty (60) years of age, the plaintiff fifty-four (54) years of age, at the time of the marriage. Each party owned substantial assets which each had accrued separately prior to the marriage. Pursuant to the circumstances, the parties entered into an antenuptial agreement which, among other things, provided:

It is mutually desired and agreed by the parties that the estate of each of the parties shall remain separate, and be subject to the sole control and use of its owner, as well after marriage as previous thereto . . .

\*　　\*　　\*　　\*　　\*　　\*

It is further agreed by the party of the first part (defendant herein) that he does and will from his own personal estate assume the necessary expenses of the support and maintenance of the party of the second part (plaintiff herein).

The parties generally conducted their business affairs in accordance with the provisions of the agreement throughout their twenty (20) years of marriage. In the middle part of 1977 the marriage began to deteriorate, followed by a divorce action in the latter part of 1977. The lower court, after trial, determined that the plaintiff should be awarded a divorce, and proceeded to make the above referred to judgment.

The defendant and appellant argues two issues on appeal. First, whether the award of *any* alimony was proper, and second, if the plaintiff is entitled to alimony, whether

the type of award fashioned by the lower court is proper.

As to the first issue, whether *any* award of alimony was proper, both parties argued their respective positions on the issue, and the lower court determined that the plaintiff was in need of support of two hundred dollars ($200.00) per month and that the defendant had "unilaterally, and deliberately put himself in a position where he was unable to respond to the support need" of the plaintiff. Pursuant thereto the lower court awarded plaintiff monthly alimony of $200.00 per month and lump sum alimony of $30,000.00, the $200.00 monthly alimony to terminate upon payment of the $30,000.00 lump sum. A review of the record supports the lower court's conclusion that the plaintiff was in need of and entitled to $200.00 per month alimony. Therefore, since the plaintiff was entitled to $200.00 per month alimony, the only issue left for the Court to decide on appeal is whether the $30,000.00 lump sum award was proper.

The defendant contends that the lower court has made a property distribution in contravention of the antenuptial agreement by giving the plaintiff a $30,000.00 award after the lower court found that plaintiff was only entitled to $200.00 a month support. The lower court, on the other hand, called the award a "lump sum alimony" which did not result in a property distribution, but was only in payment of the support obligation.

It is evident from the record, and more particularly the court's Memorandum Decision, that in using the lump sum award the court was essentially attempting to provide a monthly income of $200.00 to the plaintiff. The lower court made the award on the assumption that income from the $30,000.00 would provide the plaintiff with $200.00 per month.[1] Pursuant to that intent the lower court ordered the defendant to pay $200.00 per month, and when the $30,000.00 was paid to secure the monthly amount, the $200.00 per month obligation would cease. Otherwise, the $200.00 per month obligation would be paid until terminated at death or remarriage of plaintiff.

The problem with the $30,000.00 lump sum award as security for the $200.00 monthly support obligation is there was no condition placed on that amount that would require the corpus to revert to the defendant or his estate when the support obligation ceased. In effect, once the lump sum was paid to the plaintiff to secure the $200.00 per month established need for support, it was lost forever to the defendant or his estate in that nothing required the corpus to be returned for any reason.

It is the duty and prerogative of this Court in equity matters, where the occasion warrants,[2] and after a review of both the facts and the law, to fashion its own remedy as a substitute for the judgment of the trial court,[3] but that court's actions should only be disturbed to prevent manifest injustice.[4]

Viewed in that light, it is clear that the $30,000.00 lump sum award violates the antenuptial agreement which only required the defendant to provide for the support needs of the plaintiff, i.e., $200.00 per month. Accordingly, it is the opinion of this Court that the $30,000.00 lump sum award must be conditioned so as to allow the corpus to revert back to the defendant or his estate upon the termination of the defendant's obligation to support the plaintiff.

The Court does not suggest that a lump sum award to secure alimony is improper, only that such an award must revert to the

---

1. $30,000.00 × 8 (interest on judgment) = $2,400/year. This is equivalent to $200.00 per month.

2. *Jackson v. Jackson,* Utah, 617 P.2d 338 (1980).

3. Article 8, § 9, Constitution of the State of Utah. Rule 72(a), Utah Rules of Civil Procedure.

4. *Reed v. Alvey,* Utah, 610 P.2d 1374 (1980); *Provo City v. Lambert,* Utah, 574 P.2d 727 (1978); *Mitchell v. Mitchell,* Utah, 527 P.2d 1359 (1974).

obligor at the termination of the alimony obligation.

The case is remanded to allow the lower court to rewrite its judgment in accordance with the views of this opinion. No costs awarded.

HALL, C.J., and STEWART, OAKS, and HOWE, JJ., concur.

DURHAM, J., does not participate herein; DEE, District Judge, sat.