**Mylene THOMAS, Appellant,**

v.

**A.E. MINNER, as Marshall County Clerk of Court, Appellee.**

No. 83–20.

Supreme Court of Iowa.

Nov. 23, 1983.

James C. Ellefson of Lundy, Butler & Lundy, Eldora, for appellant.

Phillip L. Krejci, County Atty., and Marie A. Condon, Marshalltown, for appellee.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

■ The sole issue presented in this case is whether an appellate court decision on direct appeal in a marriage dissolution action which increases the amount of installment alimony payments speaks from the date of the original decree in the district court. The district court ruled that such a modification of alimony payments applies only to those payments accruing after the date the appellate decision was filed. Because we conclude otherwise, we reverse the district court's order and remand the proceeding for entry of judgment consistent with this opinion.

The marriage of appellant, Mylene Thomas, was dissolved pursuant to a decree filed December 1, 1980. Under that decree, she was awarded installment alimony payments of $125 per month, commencing December 10, 1980. She appealed this award to this court. In a decision filed May 19, 1982, we held as follows concerning the alimony award:

> Upon our de novo review our only disagreement with the trial court is in the amount of alimony ordered. Whereas the trial court fixed that amount at $125.00 per month we believe the amount should be $250.00 per month.... As modified the judgment of the trial court is affirmed.

■ In declaring whether the foregoing decision was intended to speak from the date of the original trial court decree, we are called upon to interpret the meaning of our own prior order. Generally speaking, we have broad latitude in matters of this kind, guided only by our view as to the intent of the prior decision. Looking first at the language of our prior decision, we believe the words "As modified the judgment of the trial court is affirmed" conveys the meaning that we were affirming a December 1, 1980 decree which, as a result of our modification, calls for installment alimony payments of $250 monthly, rather than $125 monthly. Viewed in this light, we believe the language of our order suggests a substituted judgment as of the date of the district court decree.

Other considerations militate in favor of the interpretation proposed by appellant. We have said that when an appellate court undertakes de novo review of a dissolution judgment and decree, it is basing its decision on the record made before the district court at the time of trial. *See In re Marriage of Huston,* 263 N.W.2d 697, 699 (Iowa 1978) (appellate court does not "retry" the

case, but reviews the record de novo). Such a determination of economic entitlements will therefore ordinarily reflect the rights of the parties at the time of trial. In dealing with lump sum awards, it is of no great consequence, apart from a possible issue concerning payment of interest, whether the appellate court's order relates back. With respect to installment payments, however, it is ordinarily necessary for such relation back to take place in order for the successful party to obtain that relief which the appellate court has determined he or she is entitled to. The foregoing views on relation back have been applied in other settings involving appellate decisions in equity cases. In *Haswell v. Thompson,* 181 Iowa 248, 253–54, 164 N.W. 605, 606–07 (1917), we held with regard to proceedings after remand in a quiet title action that a reversing or modifying order of the supreme court relates back and takes effect as of the date of the original decree from which appeal was taken. Other authority supporting this conclusion includes *Pierce v. Wilson,* 2 Iowa 20, 26 (1856) ("[u]pon an examination of the whole case, this court will render such a decree as should have been entered in the first instance, consistent with the case made by the bill and sustained by the proof"). *See also Penrose v. Penrose,* 656 P.2d 1017, 1019 (Utah 1982) (appellate court in equity fashions its own remedy as a "substitute" for the judgment of the trial court); *Robert Stigwood Organization, Inc. v. Devon Co.,* 91 Misc.2d 723, 724, 398 N.Y.S.2d 463, 464 (1977) (appellate decision is regarded as dating back to time of entry of the order or judgment appealed from).

In seeking to support the trial court's decision, the appellee relies upon those cases where the decisions of this court in dissolution appeals have expressly provided whether or not they relate back to the date of the district court decree. Doubtless the opinions in those cases must be characterized as more clearly reflecting that which was intended than does our prior opinion in Mylene's dissolution appeal. Such opinions are of little assistance, however, in determining what was intended in the case now before the court. Based upon those considerations previously discussed, we believe our decision on Mylene's dissolution appeal was intended to and does speak from the date the district court decree was entered.

We have also considered and rejected as invalid the additional argument of appellee that the result which we reach is unfair because courts cannot effectively order the recapture of installment payments which are paid *pendente lite* where the decision on appeal reduces the amount of such payments. We believe that it would clearly be within the power of an appellate court in such situations to provide for a reduction in the amount of future payments over the period of time required to exhaust any overplus resulting from the decision on appeal.

The procedural aspects of the present case have not been placed in issue in this appeal and therefore are not a matter affecting our decision. We nevertheless express our view that the present issue would have more properly been litigated by means of motions filed in the original dissolution case rather than in a separate action against the clerk of the district court. The latter appears to be an inappropriate party litigant in a controversy in which he acts in a purely ministerial role. The propriety of a judgment on remand from an appellate court may be litigated in the action in which it is entered. *E.g., Berger v. Amana Society,* 254 Iowa 1036, 120 N.W.2d 465 (1963). Such procedure is preferable in that it more accurately involves the real parties in interest. For the reasons we have stated, we reverse the order of the district court and remand this case for entry of a judgment consistent with this decision.

REVERSED AND REMANDED.