## In re The MARRIAGE OF Larry Harold WEGNER and Joan Alice Wegner

### Upon the Petition of Larry Harold Wegner, Appellee,

### And Concerning Joan Alice Wegner, Appellant.

No. 89–1298.

Court of Appeals of Iowa.

Aug. 30, 1990.

Theodore R. Hoglan of Fairall, Fairall, Kaplan, Hoglan, Condon & Klaessy, Marshalltown, for appellant.

Patrick W. Brooks of Brooks, Ward & Trout, Marshalltown, for appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Appellant Joan Wegner appeals from a district court judgment which found appellee Larry Wegner not to be in contempt for failure to timely make alimony payments. Joan argues: (1) the district court erred in holding that an appellate court decision on direct appeal in a dissolution action which decreases the amount of alimony relates back to the date of the original decree, and (2) regardless of the effect given the trial court in the reduction of alimony payments, the court erred in not finding Larry in contempt. We affirm.

The parties' marriage was dissolved by decree on November 21, 1986. Joan was

awarded permanent alimony in the amount of $350 per month. Larry appealed the award, and this court reduced the alimony award to $150 per month. Upon further review by the Iowa Supreme Court, our decision was affirmed. *See In re Marriage of Wegner*, 434 N.W.2d 397 (Iowa 1988).

Joan filed an application for a rule requiring Larry to show cause why he should not be found in contempt for failing to pay alimony. Three days prior to the show cause hearing, Larry paid $800 to the clerk of court. The district court held that the reduction in alimony was retroactive to the date of the original decree. In addition, the court found Larry not to be in contempt. Joan has appealed from both rulings.[1]

## I.

The first issue we need consider is whether an appellate court decision on direct appeal which decreases periodic alimony payments relates back to the date of the original decree. We find this issue to be controlled by the Iowa Supreme Court's decision in *Thomas v. Minner*, 340 N.W.2d 285 (Iowa 1983).

In *Minner*, the trial court awarded installment alimony payments of $125 per month, commencing December 10, 1980. In a decision filed May 19, 1982, the supreme court increased the award to $250 per month and concluded that part of its appellate decision by stating: "As modified, the judgment of the trial court is affirmed."

To determine whether its decision was intended to speak from the date of the original trial court decree, the supreme court was called upon to interpret the meaning of its own prior order. When it considered the language of that part of its order which "modified the judgment of the trial court," it concluded that its order suggested a substitute judgment as of the date of the trial court decree. The court then held, under the circumstances before it, that the increase in the amount of alimony

payments made by an appellate court on direct appeal relates back to the date of the original decree. *See id.* at 286.

The appellant argues the result reached in *Minner* does not apply to this case for in *Minner* the alimony payments were increased and here the payments are decreased. Appellant then relies on that line of Iowa cases where appellate courts of this state have held that alimony payments cannot be reduced retrospectively. *See In re Marriage of Bonnette*, 431 N.W.2d 1, 3 (Iowa App.1988); *In re Marriage of Shepherd*, 429 N.W.2d 145, 147 (Iowa 1988); *In re Marriage of Harvey*, 393 N.W.2d 312, 313 (Iowa 1986).

We, of course, do not intend by this ruling to in any manner carve out an exception to those cases. In fact, we strongly emphasize that the result we reach today does not in any manner have any effect on those cases. This is so for in those cases modification was the issue at the trial court level, while here the decision reducing the alimony was a direct appeal from the decree of dissolution.

As in *Minner*, the supreme court here affirmed the judgment of the trial court as modified. This undisputably conveyed the meaning that the supreme court affirmed the decree, which as a result of its modification, calls for monthly alimony payments of $150 per month rather than the $350 monthly payment. The language of the supreme court clearly suggests a substitute judgment as of the date of the district court decree.

The supreme court's rationale in *Minner* is particularly appropriate here. There they stated:

Other considerations militate in favor of the interpretation proposed by appellant. We have said that when an appellate court undertakes de novo review of a dissolution judgment and decree, it is basing its decision on the record made before the district court at the time of trial. *See In re Marriage of Huston*,

---

1. We note that appeal is the correct avenue for obtaining appellate review in cases where the purported contemnor has not been found in

contempt. *See In re Marriage of Welsher*, 274 N.W.2d 369, 371 (Iowa 1979).

263 N.W.2d 697, 699 (Iowa 1978) (appellate court does not "retry" the case, but reviews the record de novo). Such a determination of economic entitlements will therefore ordinarily reflect the rights of the parties at the time of trial. In dealing with lump sum awards, it is of no great consequence, apart from a possible issue concerning payment of interest, whether the appellate court's order relates back. With respect to installment payments, however, it is ordinarily necessary for such relation back to take place in order for the successful party to obtain that relief which the appellate court has determined he or she is entitled to. The foregoing views on relation back have been applied in other settings involving appellate decisions in equity cases. In *Haswell v. Thompson*, 181 Iowa 248, 253–54, 164 N.W. 605, 606–07 (1917), we held with regard to proceedings after remand in a quiet title action that a reversing or modifying order of the supreme court relates back and takes effect as of the date of the original decree from which appeal was taken. Other authority supporting this conclusion includes *Pierce v. Wilson*, 2 Iowa 20, 26 (1856) ("[u]pon an examination of the whole case, this court will render such a decree as should have been entered in the first instance, consistent with the case made by the bill and sustained by the proof"). *See also Penrose v. Penrose*, 656 P.2d 1017, 1019 (Utah 1982) (appellate court in equity fashions its own remedy as a "substitute" for the judgment of the trial court); *Robert Stigwood Organisation, Inc. v. Devon Co.*, 91 Misc.2d 723, 724, 398 N.Y.S.2d 463, 464 (1977) (appellate decision is regarded as dating back to time of entry of the order or judgment appealed from).

*Minner*, 340 N.W.2d at 287.

We also consider the following discussion from *Minner* to be highly probative:

We have also considered and rejected as invalid the additional argument of appellee that the result which we reach is unfair because courts cannot effectively order the recapture of installment payments which are paid *pendente lite* where the decision on appeal reduces the amount of such payments. We believe that it would clearly be within the power of the appellate court in such situations to provide for a reduction in the amount of future payments over the period of time required to exhaust any overplus resulting from the decision on appeal.

*Id.* Clearly, the Iowa Supreme Court contemplated that reductions in alimony payments made by appellate courts on direct appeal of the dissolution decree will relate back to the date of the original decree. We hold that the district court correctly determined, under the circumstances here, that the decrease in alimony payments as modified by the Iowa Supreme Court on direct appeal of the dissolution decree speaks from the date of the original decree.

## II.

▉ Joan also argues that the trial court erred in finding Larry not to be in contempt for failure to pay alimony. In this respect, an action for contempt of court is treated in the nature of a criminal proceeding. *Amro v. Iowa Dist. Court*, 429 N.W.2d 135, 140 (Iowa 1988). No person may be punished for contempt unless the allegedly contumacious actions have been established by proof beyond a reasonable doubt. *Id.* Contempt is sufficiently shown if some of the default was willful. *Id.* As our supreme court stated in *Amro:*

In this context, a finding of willful disobedience requires evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not.

*Id.* (citing, *Lutz v. Darbyshire*, 297 N.W.2d 349, 353 (Iowa 1980)). As we noted under footnote 1, since the appellee was found not in contempt, review by appeal is proper. For cases where review by appeal was permitted from a finding of "not in contempt" *see Gilliam v. Gilliam*, 258 N.W.2d 155 (Iowa 1977); *McDonald v. McDonald*, 170 N.W.2d 246 (Iowa 1969); and *Harkins v. Harkins*, 256 Iowa 207, 127 N.W.2d 87

(1964). Further, our review is not de novo nor is the decision of the trial court lightly reversed. *Harkins*, 256 Iowa at 211, 127 N.W.2d at 89. From our review of the record, we find substantial evidence to support the trial court's finding that appellee is not guilty of contempt. We affirm the trial court on this issue.

■ The appellee suggests that because the amounts in default were paid prior to the contempt hearing, he should not be punished. This question is governed by Iowa Code section 598.22. That statute provides in relevant part that prompt payment of support shall be the essence of an order requiring such payment and that the court may punish for contempt regardless of whether the amounts in default are paid prior to the contempt hearing. *Ogden v. Iowa Dist. Court*, 309 N.W.2d 401 (Iowa 1981) (per curiam); *Amro v. Iowa Dist. Court*, 429 N.W.2d 135 (Iowa 1988). We find no merit in that suggestion of the appellee.

In summary, we find no error in the trial court's finding that Larry was not in contempt.

AFFIRMED.

OXBERGER, C.J., concurs.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concurring).

I specially concur. I agree with the majority when the appellate courts modified the trial court's decree as to alimony, those modifications reverted back to the original decree. But until those modifications were made, Larry, unless he filed a supersedeas bond, was responsible to make payment under the trial court order.

Larry did not file a bond or make the payments required by the trial court decree during the pendency of the appeal. Even under the decree as modified on appeal, Larry was in arrears until only three days before the contempt hearing. These facts could have supported a finding of contempt had the trial court elected to make one. The trial court decided not to, and I defer to the trial court.

The prompt payment of the support ordered is extremely important to dependent spouses and children. The mere fact that an alleged contemptor finally gets current a few days before trial does not necessarily dictate he or she should not be found in contempt.