In re the MARRIAGE OF Chris Ellen
HANKENSON and Richard Ralph
Hankenson.

Upon the Petition of Chris Ellen
Hankenson, Appellant,

and concerning Richard Ralph
Hankenson, Appellee.

No. 92–453.

Court of Appeals of Iowa.

May 25, 1993.

**432**

Carlton G. Salmons of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, for appellant.

David L. Charles and Clark G. McDermott of Gamble & Davis, A Professional Corp., Des Moines, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Appellant Chris Hankenson appeals a trial court judgment which found appellee Richard Hankenson not to be in contempt for failing to pay postsecondary education expenses of the parties' oldest child. We affirm.

The marriage of Chris and Richard Hankenson was dissolved by decree on February 8, 1985. The district court awarded substantial child support and alimony payments to Chris. The decree also provided Richard was obligated to provide financial assistance for the postsecondary education needs of the parties' five children. Specifically, the decree required Richard to pay the equivalent cost of resident tuition, books, room, and board at a state institution in Iowa for four years, plus providing such personal and clothing expenses as he and the child might agree on after the first year. Richard's postsecondary education obligation was subse-

quently limited in a modified decree entered on August 28, 1990. The modification decree required Richard to pay the child $550 per month for eight semesters starting September 1 of the school year. That sum was to be used by the child for tuition, books, room, and board and all other costs. Richard's obligation could be extended an additional two semesters if the child had a "reasonable chance" to graduate in those two semesters.

In addition, the modified decree provided for certain other conditions the child had to satisfy in order to qualify for college expense payments from Richard. First, Richard was required to be notified in writing of the school attended and the courses being taken prior to the first day of each semester. The child was required to be enrolled for thirteen credit hours per semester. The child was also required to provide copies of all grades to Richard and sign any documents necessary to allow Richard access to academic records. The modification decree provided if the child was to drop out of school before completion of a semester, the payments would cease, and Richard would be given credit for fulfilling one complete semester of his postsecondary education obligation. All provisions were conditions precedent to Richard's obligation to pay anything to the child.

Scott is the parties' oldest child and the point of dispute in this case. In May 1987 Scott graduated from high school. Since 1987 Scott has had a sporadic college career. Through December 1990 Richard complied with his obligation to pay certain college expenses. In January 1991 Richard paid Scott $1500. Scott used a portion of this money to pay off some outstanding bills at the University of Iowa in order to enroll for the spring semester. Although Scott enrolled for fourteen semester hours in spring semester of 1991, he was only carrying about four hours by the end of the semester. Richard has not made any more payments to Scott since the $1500 payment in January 1991.

In December 1991 Chris filed an application for rule to show cause concerning

Richard's alleged failure to continue to make college expense payments during the spring 1991 semester.

Following a hearing, the trial court entered its ruling. The court found Scott had not met the conditions precedent contained in the modified decree to receive college expense payments. The court then determined Chris had not established contempt. Chris appeals the trial court's decision. Chris also seeks trial and appellate attorney fees.

## I. *Contempt.*

■ When a trial court refuses to hold a party in contempt in a dissolution proceeding, our review is not de novo. *In re Marriage of Anderson*, 451 N.W.2d 187, 191 (Iowa App.1989). Instead, we review the record to determine if substantial evidence exists to support the trial court's finding. *In re Marriage of Wegner*, 461 N.W.2d 351, 354 (Iowa App.1990). The decision of the trial court will not be lightly reversed. *Id.*

■ An individual may not be punished for contempt unless the allegedly contumacious actions have been established by proof beyond a reasonable doubt. *Anderson*, 451 N.W.2d at 191. Contempt consists of "willful disobedience to a court order or decree." Iowa Code § 598.23(1) (1991). An individual's conduct constitutes willful disobedience if it is:

> intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not.

*Wegner*, 461 N.W.2d at 353.

■ Richard is obligated to pay, within forty-eight months of Scott's commencement, for eight semesters of his postsecondary education as long as Scott satisfies the conditions of the decree. The record clearly shows Richard paid for seven regular semesters of Scott's postsecondary education. Richard paid Scott's college expenses for the following semesters: (1) Fall 1987, (2) Spring 1988, (3) Fall 1988, (4) Spring 1989, (5) Fall 1989, (6) Spring 1990,

and (7) Fall 1990. In addition, Richard paid Scott's college expenses for a summer term in 1989 and paid $1500 to Scott in January 1991. Under the circumstances of this case the summer term did not constitute a semester.

We specifically address whether Richard was guilty of contempt for spring semester 1991. Before and during that semester Scott failed to comply with many of the conditions required by the modified decree to qualify for payments from Richard. Although Scott enrolled in fourteen hours at the beginning of spring semester 1991, he dropped classes during the semester and was enrolled in only four hours by April. Scott failed to give notice of his college courses to his father on the first day of spring semester. Scott also failed to give his father written permission to contact the registrar. Pursuant to the modified decree, Richard was not obligated to pay $550 a month to Scott that semester because Scott failed to satisfy the decree requirements and therefore failed to qualify for the payments from Richard.

We determine substantial evidence supports the trial court's finding Richard is not guilty of contempt. We affirm the trial court on this issue.

## II. *Attorney Fees for Trial.*

■ Chris contends the trial court erred in failing to award attorney fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Hunt*, 476 N.W.2d 99, 101 (Iowa App.1991) (citing *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App.1983)). We find the trial court did not abuse its discretion in denying to award attorney fees to Chris. We affirm the trial court on this issue.

## III. *Attorney Fees on Appeal.*

■ Chris also seeks attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *Giles*, 338 N.W.2d at 546. We are to consider the needs of the party making the request, the ability of the other party

to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App. 1981). We note Richard was obligated to defend the lower court's decision on appeal. We decline to award attorney fees to Chris. *See* Iowa Code § 598.24 (1991). Each party shall be responsible for his or her own attorney fees on appeal.

The costs of this appeal are taxed to Chris.

**AFFIRMED.**