# IN THE COURT OF APPEALS OF IOWA

No. 17-1113
Filed June 6, 2018

IN RE THE MARRIAGE OF JASON JONES
AND MISTY L. JONES

Upon the Petition of
JASON JONES,
      Petitioner-Appellee,

And Concerning
MISTY L. JONES,
      Respondent-Appellant.

_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

An ex-wife appeals the dismissal of her application for order to show cause why her ex-husband should not be held in contempt for violating the child-custody provisions of their dissolution decree. **AFFIRMED.**

Dennis D. Jasper, Bettendorf, for appellant.

Garth M. Carlson of Gomez May LLP, Davenport, for appellee.

Considered by Mullins, P.J., McDonald, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**CARR, Senior Judge.**

Misty Jones filed an application for order to show cause and motion to enforce decree, alleging that Jason Jones willfully disobeyed the custody provisions of the parties' dissolution decree. The district court dismissed the action after finding that Misty failed to prove Jason willfully disobeyed the court order. Misty appeals, contending this finding is not supported by substantial evidence. She advances this standard of review citing *In re Marriage of Hankenson*, 503 N.W.2d 431, 433 (Iowa Ct. App. 1993) (stating that when a trial court refuses to hold a party in contempt, we review the record to determine if substantial evidence exists to support the trial court's finding). Although *Hankenson* does apply this standard of review, we think the standard to apply here was announced in the more recent opinion of our supreme court in *In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995). Under *Swan*, the trial court may consider all the circumstances, not just whether a willful violation has been proven in deciding whether to impose punishment for contempt. 526 N.W.2d at 327. The trial court has broad discretion and unless it is "grossly abused," the trial court's decision must stand. *Id.*

A person who willfully disobeys a court order may be cited and punished for contempt. *See* Iowa Code § 598.23 (2017). Disobedience is willful when it is "intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemnor had the right or not." *Den Hartog*, 891 N.W.2d at 436 (citation omitted). Misty bears the burden of proving Jason in contempt by proof beyond a reasonable doubt. *See Reis v. Iowa Dist. Ct.*, 787 N.W.2d 61, 66 (Iowa 2010).

The dissolution decree provides Misty with physical care of the parties' children. In her application, Misty alleged that Jason willfully disobeyed the decree by harboring their seventeen-year-old daughter. In a detailed ruling, the court found Misty failed to meet her burden of proving Jason disobeyed the decree intentionally or with bad or evil purpose. Although the daughter was living with Jason instead of Misty, the court concluded that "Jason simply afforded his daughter a place to stay after [the child] refused to return to her mother's home for her own independent reasons," noting that it "would look at this differently if it appeared Jason had put her up to this decision, but that does not appear to be the case."

Our review of the record supports the district court's finding that Jason did not willfully disobey the decree by providing his daughter with a place to stay when she refused to return to Misty's home following an argument. This is not a case of one parent refusing to provide the other with access to their child; the conflict at issue was clearly between mother and daughter, not between the parents, and the living arrangement was a product of the daughter's choice rather than Jason's will. Jason did not prevent the daughter from returning to Misty's home or discourage her from doing so.[1] Even if his acquiescence could be considered intentional and deliberate, his reason for allowing the child to stay in his home—his fear that she would "run" if he refused her request—does not evince a bad or evil purpose. The

---

[1] The district court found credible Jason's testimony that he would be fine with the child living with Misty, that he did not do anything to encourage the child not to return to Misty's home, and that he did not discourage the child from contacting Misty. We are bound by the court's credibility findings. *See Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 182 (Iowa 2010).

trial court did not grossly abuse its discretion in declining to find Jason in contempt. Our review is confined to this question. We do not address Misty's complaint that the trial court should have ordered more aggressive action to move the child to Misty's home, an issue for which she cites no authority and presents no separate argument. "The present situation points out the limitations of the court system in solving a family's problems." *In re Marriage of Ruden*, 496 N.W.2d 494, 496 (Iowa Ct. App. 1993). We affirm the order dismissing Misty's application.

Misty requests trial and appellate counsel fees. Iowa Code section 598.24 authorizes such an award, but only after a finding of contempt. In the absence of such a finding, the trial court's denial of fees is affirmed.

**AFFIRMED.**