## IN THE COURT OF APPEALS OF IOWA

No. 21-1548
Filed April 27, 2022

IN RE THE MARRIAGE OF KYLE E. HARDIE
AND MICHELLE L. HARDIE

Upon the Petition of
**KYLE E. HARDIE,**
      Petitioner-Appellant,

**And Concerning**
**MICHELLE L. HARDIE,**
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Plymouth County, Jeffrey A. Neary,

Judge.


      Kyle Hardie appeals from the district court's dismissal of contempt

proceedings against his former wife. **AFFIRMED.**


      Angela H. Kayl, Sioux City, for appellant.

      Elizabeth A. Row of Gehling Osborn Law Firm, PLC, Sioux City, for

appellee.


      Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Kyle Hardie appeals from the district court's dismissal of contempt proceedings he initiated against his former wife, Michelle Hardie. Kyle contends the district court erred when it 1) declined to hold Michelle in contempt for his missed parenting time, 2) allowed the parties' adult child to testify, and 3) issued an allegedly unconstitutional post-ruling order for the division of counseling fees. Because the district court did not abuse its discretion or violate Kyle's constitutional rights, we affirm. Both parties requested appellate attorney fees, which we decline to award.

## I. Background Facts & Proceedings.

While Kyle and Michelle Hardie dissolved their nine-year marriage in 2010, the pair have returned to court several times now to resolve their differences. Kyle and Michelle have four children together: an adult son and three minor daughters. They last modified their dissolution decree regarding visitation and child support in August 2020. Since the divorce, the children have remained in the primary physical care of Michelle, who resides less than five blocks away from Kyle. The 2020 modification eliminated Kyle's responsibility to pay child support in exchange for his decreased visitation.

Kyle's relationship with all four children has deteriorated over the last several years. Kyle has not seen the parties' adult son in three years. The son alleges that Kyle physically assaulted him in May 2018 in the presence of his sisters. Even though he was sixteen years old at the time and still subject to the decreed visitation, the son chose to stop seeing his father. Kyle took no remedial action with regard to the son. Michelle alleges that Kyle verbally and emotionally

abuses the three remaining minor children, who were seventeen, fifteen, and thirteen years of age at the time of the contempt hearing. He has screamed at the children and even blocked the doors so that they could not leave his home. The Iowa Department of Human Services has twice investigated Kyle for accusations of abuse against his children: once regarding the son's allegations of a physical altercation in May 2018 and again regarding allegations of sexual abuse against one of his daughters in 2020. Both assessments concluded that abuse was not confirmed. In February 2021, the minor children began refusing to go to Kyle's home during their scheduled visitation. They sent text messages to Kyle stating that they felt uncomfortable in his home and did not want to visit him.

In May 2021, Kyle filed an application to initiate contempt proceedings against Michelle for not abiding by their decree. The son and the parties' eldest daughter each testified about their relationships with Kyle. The district court also requested a summary report from the mental-health counselor who two of the minor children have seen over the years. The court found Kyle failed to meet his burden of proof and that Michelle was not in contempt or default. Approximately three weeks after the court issued its ruling, it entered another order instructing the cost of the counseling report to be split equally between Kyle and Michelle. Kyle timely appealed.

## II. Review.

Given the trial court's broad discretion in contempt proceedings brought under Iowa Code section 598.23 (2021), we uphold its decision unless that discretion is "grossly abused." *In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa

1995). Moreover, in proceedings of this nature, "a trial court is not required to hold a party in contempt even though the elements of contempt may exist." *Id.*

As for the admission of testimony from the parties' adult son, we review evidentiary rulings for an abuse of discretion. *Kindig v. Newman*, 966 N.W.2d 310, 317 (Iowa Ct. App. 2021). An abuse of discretion exists when the court exercises its discretion on grounds or for reasons "clearly untenable or clearly unreasonable." *Id.*

Finally, because Kyle makes a constitutional argument regarding the assessment of counseling fees, we review this issue de novo. *AFSCME Iowa Council 61 v. State*, 928 N.W.2d 21, 31 (Iowa 2019).

### III. Discussion.

#### A. Contempt.

Kyle argues that Michelle should be held in contempt for willfully violating his parenting time as set forth in the 2020 modification to their dissolution decree. Iowa Code section 598.23(1) provides that a person "may be cited and punished by the court for contempt" if that person "willfully disobeys the order or decree [of dissolution]." Willful disobedience is that which is "intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not." *In re Marriage of Hankenson*, 503 N.W.2d 431, 433 (Iowa Ct. App. 1993) (citation omitted). Here, Kyle contends that Michelle intentionally caused parental alienation between himself and the three minor children.

Upon reviewing the record, we do not find an abuse of discretion in the trial court's refusal to find Michelle in contempt. The court specifically found Michelle credible, and we defer to this finding. *See In re Marriage of Butterfield*, 500 N.W.2d 95, 99 (Iowa Ct. App. 1993). Moreover, substantial evidence supports the district court's conclusion that Michelle did not act willfully in failing to ensure Kyle's allotted parenting time. The children are all teenagers and clearly expressed their desire not to see Kyle. The daughter who testified recounted telling her mother that she would run away with her sisters if forced to visit his home. In light of these facts, we find our ruling in *In re Marriage of Jones* particularly relevant and consistent with our decision here:

> This is not a case of one parent refusing to provide the other with access to their child; the conflict at issue was clearly between mother and daughter, not between the parents, and the living arrangement was a product of the daughter's choice rather than Jason's will. Jason did not prevent the daughter from returning to Misty's home or discourage her from doing so. Even if his acquiescence could be considered intentional and deliberate, his reason for allowing the child to stay in his home—his fear that she would "run" if he refused her request—does not evince a bad or evil purpose. The trial court did not grossly abuse its discretion in declining to find Jason in contempt.

No. 17-1113, 2018 WL 2725371, at *1 (Iowa Ct. App. June 6, 2018) (internal footnote omitted).

Michelle encouraged Kyle to contact the children directly and reach out to their counselor. Kyle has made minimal attempts to contact the children, has not attended their events or appointments over the last year, and has not contacted their counselor. While we lament the children's opposition to seeing their father, we decline to hold Michelle in contempt for her acquiescence under the circumstances. *See In re Marriage of Senatra*, No. 21-0171, 2021 WL 4304276,

at *3–4 (Iowa Ct. App. Sept. 22, 2021) (declining to hold a mother in contempt for lack of visitation arising primarily from the father's "failure to mend the relationship with his daughter than any contemptuous interference from [the mother]"). Accordingly, we affirm the district court's decision on the contempt issue. We do caution, however, that this finding should not be interpreted to endorse an indefinite suspension of visitation.

> B. *Admission of Testimony.*

Kyle argues the district court erred in allowing the son to testify at the contempt hearing because, as an adult no longer subject to the visitation schedule, the son's testimony was not relevant to the proceedings. All relevant evidence is generally admissible. Iowa R. Evid. 5.402. Relevant evidence is that having "any tendency to make a fact more or less probable than it would be without the evidence" when "[t]he fact is of consequence in determining the action." Iowa R. Evid. 5.401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Iowa R. Evid. 5.403.

While the son's testimony regarding his father's alleged abuse was inherently prejudicial, we cannot say that it was unfairly so. The son also testified about how Kyle became angered and claimed that the son was betraying the family by having a relationship with his mother's new boyfriend. The son's negative experience with his father tends to make Kyle's allegation of Michelle's parental alienation involving the three minor children less probable. Therefore, the son's testimony was relevant to the contempt proceedings. We find no abuse of discretion in the trial court's admission of this evidence and affirm on this issue.

## C. Counseling Fees.

Kyle argues that the district court's order instructing him to pay half of the counselor's fees violated his constitutional right to due process. He advances a vague claim that the post-ruling imposition of fees was a surprise and prevented him from an opportunity to prepare. He also emphasizes the fact that he has not seen the counselor's report nor did he request it. While Michelle initially subpoenaed the counselor for her testimony, the district court ultimately issued an order in June 2021 requesting the counselor to "provide a history of her treatment with the children." The report was to be filed under seal for the judge's review only, and no mention was made of fees. After the court issued an order declining to find Michelle in contempt, the counselor submitted a motion to amend the order requesting that the court address her affidavit of costs. Kyle resisted the motion, but the court assessed the $500 fee to be split equally between Kyle and Michelle.

Kyle's subsequent motion to reconsider the fees under rule 1.904 was dismissed as untimely because he raised another issue pertaining to the court's initial contempt ruling that was entered more than fifteen days prior. *See* Iowa R. Civ. P. 1.904(3). Kyle filed a second motion under rule 1.904 limited to the fees for the counselor's report, but he precluded the district court from ruling upon it by filing the appeal now before us. In any event, we agree with the court's equitable division of the cost and decline to disturb it. Accordingly, we affirm on this issue.

## D. Appellate Attorney Fees.

Each party requests that the other be ordered to pay the respective attorney fees incurred in this appeal. An award of appellate attorney fees is a matter of our discretion and not merely a matter of course. *In re Marriage of Benson*, 545

N.W.2d 252, 258 (Iowa 1996). "We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal." *In re Marriage of Ales*, 592 N.W.2d 698, 703 (Iowa Ct. App. 1999). Upon considering the appropriate factors, we decline to award appellate attorney fees in this instance.

### IV. Disposition.

In summary, we find no abuse of discretion in the trial court's finding that Michelle was not in contempt or in its admission of the son's relevant testimony. We also find no constitutional violation in the court's post-ruling, equal assessment of costs between the parties for the children's mental-health counseling report. Accordingly, we affirm on all three grounds, and we decline to award appellate attorney fees.

**AFFIRMED.**